IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RETHINK35, SAVE OUR SPRINGS ALLIANCE, AUSTIN JUSTICE COALITION, PEOPLE ORGANIZED IN DEFENSE OF EARTH AND HER RESOURCES (PODER), DOWNTOWN AUSTIN NEIGHBORHOOD ASSOCIATION, PARENTS' CLIMATE COMMUNITY, EAST TOWN LAKE CITIZENS NEIGHBORHOOD ASSOCIATION, SOUTHEAST AUSTIN NEIGHBORS AND RESIDENTS ORGANIZED FOR ENVIRONMENTAL JUSTICE (SANAR), HANCOCK NEIGHBORHOOD ASSOCIATION, MUELLER NEIGHBORHOOD ASSOCIATION, FRIENDS OF AUSTIN NEIGHBORHOODS, FRIENDS OF HYDE PARK, SUNRISE MOVEMENT AUSTIN, ENVIRONMENT TEXAS, TEXAS PUBLIC INFORMATION RESEARCH GROUP, and CELIA ISRAEL, <br><br>                   *Plaintiffs*, <br><br> v. <br><br> TEXAS DEPARTMENT OF TRANSPORTATION (TXDOT), MARC WILLIAMS, in his official capacity as Executive Director of TXDOT, UNITED STATES DEPARTMENT OF TRANSPORTATION (USDOT), PETE BUTTIGIEG, in his official capacity as Secretary of USDOT, UNITED STATES FEDERAL HIGHWAY ADMINISTRATION (FHWA), and SHAILEN BHATT, in his official capacity as Administrator of FHWA, <br><br>                   *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 1:24-CV-00092-DII |

**MARC WILLIAMS'S 12(b)(5) MOTION TO DISMISS FOR FAILURE TO SERVE**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

Putative defendant Marc Williams, in his official capacity as Executive Director of the Texas Department of Transportation (TxDOT) moves to dismiss the claims against him for lack of service.

Plaintiffs filed a complaint against TxDOT and Mr. Williams, as well as the Federal Highway Administration, U.S. Department of Transportation, and several federal officials, alleging violations of the National Environmental Policy Act, the Administrative Procedure Act, and Section 6(f) of the Land and Water Conservation Fund Act. Dkt. No. 1. Plaintiffs requested and caused to be served summonses to TxDOT and the federal defendants. Dkt. Nos. 2, 3. But Plaintiffs have never served, or attempted to serve, Mr. Williams. Additionally, Mr. Williams is not a necessary party to this suit as Plaintiffs could achieve full relief without him because the agency for which he serves as Executive Director, TxDOT, is a proper defendant before this Court. Serving Mr. Williams at this point has no purpose. The Court should dismiss Mr. Williams from this suit.

## ARGUMENT

Federal Rules of Civil Procedure 4(e) and (m) outline the acceptable methods by which a plaintiff may serve process on an individual within a judicial district of the United States. Rule 4(e)(1) allows service on an individual by following state law for service in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. The applicable state rule is Texas Rule of Civil Procedure 106(a), which contemplates service of the petition and citation

in one of two ways: by in-person delivery to the defendant,[1] or by registered or certified mail, return receipt requested.

"It is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process." *Attwell v. LaSalle Nat. Bank*, 607 F.2d 1157, 1159 (5th Cir. 1979). A court cannot exercise jurisdiction over a defendant who was not properly served. *See McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995). When service of process is insufficient, a court may dismiss the suit or quash the service; either way, "adjudication of [a defendant's] substantive rights without valid service of process [is] improper." *Bollore S.A. v. Import Warehouse, Inc.*, 448 F.3d 317, 321 n.5 (5th Cir. 2006); *see Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003) ("even though OPEC had actual notice of the filing of the suit, service of process was ineffective because it was clearly not in substantial compliance with the requirements" of the federal rules); *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (where a defendant is served improperly, "the district court lack[s] jurisdiction over that defendant whether or not [the defendant] had actual notice of the lawsuit").

Plaintiffs never served Mr. Williams at all. According to the Court's PACER system, no summons was requested or issued, meaning service could never have been accomplished. *See* Dkt. Nos. 2, 3. Without proper service, the Court does not have jurisdiction over Mr. Williams and the suit against him should be dismissed. *See Atwell*, 607 F.2d at 1159; *McGuire*, 48 F.3d at 907.

---

[1] The federal rules similarly allow service via in-person delivery of the summons and complaint to the individual. *See* Fed. R. Civ. P. 4(e)(2).

Even if the Court were inclined to allow Plaintiffs an opportunity to effectuate service, the addition of Mr. Williams in his official capacity would be duplicative and wasteful. Because an official-capacity suit is another way of pleading an action against an entity of which an officer is agent, such a suit, in all respects other than name, is a suit against the entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Harris v. Cal. Dep't of Corr. & Rehab.*, No. CV 15-3124-PA (SP), 2015 WL 13908549, at *1 (C.D. Cal. June 10, 2015) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978)). Lawsuits naming both a government entity and its officer, in his or her official capacity only, create duplicative claims. *See Harris*, 2015 WL 13908549, at *1. So, "when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbott*, 954 F. Supp. 202, 203 (C.D. Cal. 1997). In these circumstances it is proper for the court to dismiss the officer and substitute the government entity as the "correct" defendant. *See id.* at 204. The same holds true for duplicative claims against both a state government entity and its officer in his or her official capacity, like Plaintiff's claims here. *See Harris*, 2015 WL 13908549, at *1–2 (dismissing eight official-capacity defendants where claims against Department of Corrections and those persons named in their official capacities were duplicative as allowing official-capacity defendants to remain in the case would lead to duplication of documents and pleadings and wasted public resources).

4

## CONCLUSION

Plaintiffs have not served Mr. Williams, and because he is not a necessary party to this suit, the Court should dismiss all claims against Marc Williams pursuant to Federal Rule of Civil Procedure 12(b)(5).

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

NANETTE DINUNZIO
Chief, Transportation Division


 /s/ Lisa McClain Mitchell
LISA MCCLAIN MITCHELL
Attorney in Charge
Texas Bar No. 90001724
Email: lisa.mitchell@oag.texas.gov
MATT GAMBOA-LUTZ
*Admitted Pro Hac Vice*
Texas Bar No. 24136835
Email: matt.gamboa-lutz@oag.texas.gov
AIDAN READ
*Admitted Pro Hac Vice*
Texas Bar No. 24138747
Email: aidan.read@oag.texas.gov
Assistant Attorneys General
Transportation Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-1431
Facsimile: (512) 936-0888

> RYAN P. BATES
> Texas Bar No. 24055152
> Bates PLLC
> 919 Congress Avenue, Suite 1305
> Austin, Texas 78701
> Telephone: (512) 694-5268
> Email: rbates@batespllc.com
>
> *Attorneys for Marc Williams, in his official capacity as Executive Director of TxDOT*

## CERTIFICATE OF SERVICE

I certify that on April 11, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically notify via email all counsel of record.

> /s/ Lisa McClain Mitchell
> LISA MCCLAIN MITCHELL
> Assistant Attorney General