**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| RETHINK35, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:24-CV-00092-DII |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION, | § | |
| | § | |
| *Defendant*. | § | |

<u>**DEFENDANT TEXAS DEPARTMENT OF TRANSPORTATION'S**</u>
<u>**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**</u>

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

The Texas Department of Transportation ("TxDOT") files this Original Answer and Affirmative Defenses to Plaintiffs' Original Complaint for Declaratory and Injunctive Relief. For ease of reference only, without admitting or conceding any assertions made by the headings or other structural elements of Plaintiffs' complaint, this Answer is structured to follow the organization of the Original Complaint.

<u>**DEFENDANT'S ANSWER**</u>

1.      Defendant admits that the Interstate 35 ("I-35") Capital Express Central project (the "Project") addresses the portion of I-35 that runs through downtown Austin, Texas, between US 290 East and US 290 West/SH 71/Ben White Boulevard. Defendant specifically denies the allegation that it violated the National Environmental Policy Act ("NEPA") in its approval of the Project, whether by failing to properly consider the environmental consequences and environmental injustice impacts of the Project or in any other respect. The remainder of Paragraph

1 contains Plaintiffs' characterization of facts and law to which no answer is required, but insofar as an answer is required, Defendant denies them.

2.      Defendant specifically denies the allegation that the Project will reinforce or exacerbate racial inequity. The remainder of Paragraph 2 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Paragraph 3, but to the extent an answer to such allegations is required, Defendant denies them.

4.      Defendant specifically denies the allegations that the construction of I-35 caused discrimination against Black or Latino communities or that I-35's impacts on communities along it have fallen disproportionately on marginalized persons. The remainder of Paragraph 4 contains Plaintiffs' characterizations of facts to which no answer is required, but to the extent an answer may be required, Defendant denies them.

5.      Defendant specifically denies the allegation that it failed to rigorously explore and objectively evaluate "comprehensive proposals for alternative project designs" submitted by community members regarding the Project, or that Defendant's alternatives analysis in any way violated NEPA. The remainder of Paragraph 5 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

6.      Defendant specifically denies Plaintiffs' allegations that Defendant failed to take a "hard look" at environmental impacts associated with human health, air quality, and water resources, failed to properly engage in interagency collaboration, or failed to satisfy their NEPA obligations in any respect. The remainder of Paragraph 6 contains Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but insofar as an answer is required, Defendant denies them.

7.     Defendant admits that the Project will impact and/or convert public parkland within the Project area, including parklands located along the Colorado River and/or Lady Bird Lake. Defendant denies the remainder of the allegations in Paragraph 7. Defendant specifically denies that it failed to identify a proposed replacement property for impacted or converted public parkland in a manner that violates Section 6(f) of the Land and Water Conservation Fund Act ("LWCF Act").

## I.     JURISDICTION

8.     Paragraph 8 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendant denies them.

9.     Defendant admits that portions of I-35 to be improved are located within the Western District and that it maintains an office at 125 East 11th Street in Austin, Texas. The remainder of Paragraph 9 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendant denies them.

10.     Paragraph 10 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendant denies them. Defendant specifically denies that its actions with respect to the Project will cause irreparable harm to the environment or the public or that such actions violate federal law.

## II.     PARTIES

## A.     PLAINTIFFS

11.     Defendant specifically denies the allegation that it failed to adequately complete its delegated responsibility of environmental review of the Project in compliance with NEPA. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 11, but to the extent an answer is required, Defendant denies them.

12.     Defendant specifically denies the allegation that it failed to comply with NEPA or to generate required information on the environmental effects of the Project. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 12, but to the extent an answer is required, Defendant denies them.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13, but to the extent an answer is required, Defendant denies them.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14, but to the extent an answer is required, Defendant denies them.

15.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15, but to the extent an answer is required, Defendant denies them.

16.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16, but to the extent an answer is required, Defendant denies them.

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17, but to the extent an answer is required, Defendant denies them.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18, but to the extent an answer is required, Defendant denies them.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19, but to the extent an answer is required, Defendant denies them.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20, but to the extent an answer is required, Defendant denies them.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21, but to the extent an answer is required, Defendant denies them.

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22, but to the extent an answer is required, Defendant denies them.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23, but to the extent an answer is required, Defendant denies them.

24.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24, but to the extent an answer is required, Defendant denies them.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25, but to the extent an answer is required, Defendant denies them.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26, but to the extent an answer is required, Defendant denies them.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27, but to the extent an answer is required, Defendant denies them.

28.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28, but to the extent an answer is required, Defendant denies them.

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29, but to the extent an answer is required, Defendant denies them.

**B.     DEFENDANTS**

30.     Defendant admits the allegations in Paragraph 30.

31.     Defendant admits the allegations in Paragraph 31.

32.     Defendant admits the allegations in Paragraph 32.

33.     Defendant admits the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant admits the allegations in Paragraph 35.

36.     Defendant admits the allegations in Paragraph 36.

37.     Defendant denies the allegations in Paragraph 37.

38.     Defendant admits the allegations in Paragraph 38.

### III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

39.     Defendant admits the allegations contained in the first and second sentence of Paragraph 39. The last sentence of Paragraph 39 contains a conclusion of law to which no answer is required, but to the extent an answer may be required, Defendant denies it.

40.     Paragraph 40 contains a conclusion of law to which no answer is required, but to the extent an answer may be required, Defendant denies it.

### IV.   LEGAL FRAMEWORK AND FACTS GIVINGS RISE TO PLAINTIFFS' CLAIMS FOR RELIEF

### A.   NATIONAL ENVIRONMENTAL POLICY ACT

41.     Paragraph 41 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

42.     Paragraph 42 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

43.     Paragraph 43 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

44.     Paragraph 44, including footnote 4, is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

45.     Paragraph 45 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

46.     Paragraph 46 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

47.     Paragraph 47 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

48.     Paragraph 48 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

49.     Paragraph 49 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

50.     Paragraph 50 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

51.     Paragraph 51 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

52.     Paragraph 52 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

53.     Paragraph 53 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

**B.      SECTION 6(f) OF LAND WATER CONSERVATION FUND ACT**

54.     Paragraph 54 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

55.     Paragraph 55 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

## V.      FACTS

56.     Defendant admits the allegations contained in Paragraph 56.

57.     Defendant denies the allegations contained in Paragraph 57.

58.     Defendant admits the allegations contained in first, second, and third sentences in Paragraph 58. Defendant denies the allegations in the fourth sentence of Paragraph 58.

59.     Paragraph 59 contains Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but insofar as an answer is required, Defendant denies them.

### A.     IMPACTS ON MARGINALIZED COMMUNITIES

60.     Paragraph 60 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

61.     Defendant specifically denies the allegations that the construction of I-35 caused discrimination against Black or Latino communities or that the Project will reinforce or exacerbate such discrimination. The remainder of Paragraph 61 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

62.     The first sentence of Paragraph 62 contains Plaintiffs' characterizations of facts to which no answer is required, but insofar as an answer is required, Defendant denies them. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 62, but to the extent an answer is required, Defendant denies them.

63.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 63, but to the extent an answer is required, Defendant denies them.

64.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence of Paragraph 64, but to the extent an answer is required, Defendant denies them. The remainder of Paragraph 64 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

65.     Paragraph 65 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

66.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 66, but insofar as an answer is required, Defendant denies them.

67.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence of Paragraph 67, but insofar as an answer is required,

Defendant denies them. The remainder of Paragraph 67 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

68.     Paragraph 68 contains Plaintiffs' characterization of facts to which no answer is required, and Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 68; insofar as an answer is required, Defendant denies them.

69.     Paragraph 69 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

70.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 70, but insofar as an answer is required, Defendant denies them.

71.     Paragraph 71 contains Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but insofar as an answer is required, Defendant denies them.

72.     Defendant admits that TxDOT's NEPA analysis of the Project included analysis of environmental justice impacts. Defendant denies the remainder of the allegations contained in Paragraph 72.

73.     Defendant admits the allegations contained in Paragraph 73. However, the Project's Final Environmental Impact Statement ("FEIS"), including its supporting and constituent materials contained in the Record of Decision constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

74.     Defendant admits that the FEIS analysis concluded that the Project would disproportionally impact marginalized communities by displacing homes and businesses in the expanded corridor. Defendant also admits that approximately 585 jobs will be lost within the Community Study Area if these displaced businesses do not relocate within that area.

75.     The comment submitted by the City of Austin constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first or second sentences of Paragraph 75, but insofar as an answer is required, Defendant denies them. The last sentence of Paragraph 75 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

76.     Defendant admits that the Project will result in the displacement of the David Powell Health Center, the CommUnityCare Hancock Walk-In Clinic, and Escuelita del Alma. Defendant specifically denies that these or any other properties impacted by the Project were "targeted for displacement." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 76, but to the extent an answer is required, Defendant denies them.

77.     Defendant denies the allegations contained in Paragraph 77.

78.     The submitted comments constitute the best evidence of their respective contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of and the block-quoted material in Paragraph 78, but to the extent an answer is required, Defendant denies them. The allegations in the second and third sentences of Paragraph 78 are Plaintiffs' characterizations of fact and conclusions of law to which no response is required, but to the extent an answer is required, Defendant denies them.

79.     Defendant denies the allegations contained in Paragraph 79.

80.     Defendant denies the allegations contained in Paragraph 80.

81.     Defendant admits that a petition was submitted to FHWA requesting withdrawal of its delegation with respect to the Project based on alleged violations of Title VI of the Civil Rights Act of 1964. Defendant specifically denies that any such violations exist due to or would be caused by the Project. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 81, but insofar as an answer is required, Defendant denies them.

A.     **AIR QUALITY IMPACTS**

82.     The allegations in Paragraph 82 are Plaintiffs' characterizations of fact requiring no answer, but to the extent an answer is required, Defendant denies them. Additionally, the referenced public comments, City of Austin resolution, and Travis County letter constitute the best evidence of their respective contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

83.     Defendant denies the allegations contained in Paragraph 83.

1.     **Criteria Pollutants**

84.     Paragraph 84 contains Plaintiffs' characterizations of fact and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them. Additionally, the Clean Air Act and its implementing regulations themselves constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

85.     Defendant admits the allegations contained in the first sentence of Paragraph 85. Defendant denies the allegations contained in the second sentence of Paragraph 85.

86.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 86, but insofar as an answer is required, Defendant denies them.

87.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 87, but insofar as an answer is required, Defendant denies them.

88.     Defendant denies the allegations in Paragraph 88.

89.     The FEIS constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied. Subject to that objection, Defendant admits the allegations in Paragraph 89.

90.     The first sentence of Paragraph 90 contains conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them. Defendant denies the allegations contained in the second sentence of Paragraph 90.

91.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 91, but insofar as an answer is required, Defendant denies them.

92.     Defendant denies the allegations in Paragraph 92.

93.     Defendant denies the allegations in Paragraph 93.

### 2.     Air Toxics

94.     Paragraph 94 contains Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

95.     Defendant admits the allegations in Paragraph 95.

96.     Defendant denies the allegations in Paragraph 96.

97.     Defendant admits the allegations in Paragraph 97.

98.     Defendant denies the allegations in Paragraph 98.

### 3.     VOC and NO$_X$

99.     Defendant denies the allegations in Paragraph 99.

100.    Defendant admits that the Project is located in an area designated as being in attainment or unclassifiable for ozone ($O_3$) NAAQS under the Clean Air Act. The remainder of

the allegations in Paragraph 100 are Plaintiffs' characterization of facts to which no answer is required, but to the extent an answer is required, Defendant denies them.

101.     Defendant denies the allegations in Paragraph 101.

102.     The first sentence of Paragraph 102 contains conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them. Defendant denies the allegations contained in the second sentence of Paragraph 102.

103.     Defendant denies the allegations in Paragraph 103.

104.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the last sentence of Paragraph 104, but insofar as an answer is required, Defendant denies them. Additionally, the referenced City of Austin resolution constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied. Defendant denies the allegations in the remainder of Paragraph 104.

**B.     WATER-RELATED IMPACTS**

105.     Defendant admits the allegations in Paragraph 105.

106.     The allegations in Paragraph 106 are Plaintiffs' characterizations of facts to which no response is required, but to the extent an answer is required, Defendant denies them.

107.     Defendant admits the Project area includes floodplains. Defendant denies the remaining allegations in Paragraph 107.

108.     Defendant admits the allegations in the first sentence of Paragraph 108. The allegations in the second sentence of Paragraph 108 are Plaintiffs' characterizations of facts to which no response is required, but to the extent an answer is required, Defendant denies them.

109.     Defendant denies the allegations in the first sentence of Paragraph 109. Defendant admits the allegations in the second sentence of Paragraph 109.

110.    Defendant denies the allegations in Paragraph 110.

111.    Defendant denies the allegations in Paragraph 111. Additionally, the FEIS constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

112.    The allegations in the first sentence of Paragraph 112 are Plaintiffs' characterizations of facts to which no response is required, but to the extent an answer is required, Defendant denies them. Defendant denies the remainder of the allegations in Paragraph 112.

113.    Defendant denies the allegations in Paragraph 113.

114.    Defendant admits the allegations in Paragraph 114.

115.    Paragraph 115 contains Plaintiffs' characterizations of facts to which no answer is required, but to the extent an answer is required, Defendant denies them.

116.    Paragraph 116 contains Plaintiffs' characterizations of facts and law to which no answer is required, but insofar as an answer is required, Defendant denies them. Additionally, the laws to which Plaintiffs refer constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

117.    Defendant admits that there is no critical habitat identified within the Project area. Defendant further admits that the FEIS, published on September 1, 2023, stated that a survey of the outfall area would "be performed in summer 2023." Defendant denies the remainder of the allegations contained in the first sentence of Paragraph 117 and denies the second and fourth sentences of Paragraph 117 in their entirety. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the fifth sentence of Paragraph 117, but to the extent an answer is required, Defendant denies them.

118.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first and second sentences of Paragraph 118, but to the extent an answer

is required, Defendant denies them. Defendant admits that the big brown bat, eastern red bat, hoary bat, and swamp rabbit all potentially occur within the wildlife sanctuary and areas around the outfall structure along the Colorado River. Defendant denies the allegations in the fourth sentence of Paragraph 118.

119.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence of Paragraph 119. Defendant denies the remaining allegations in Paragraph 119.

120.    Defendant denies the allegations in the first, second, and fifth sentences of Paragraph 120. The seventh sentence of Paragraph 120 contains conclusions of law to which no answer is required, but insofar as an answer is required, Defendant denies them. Defendant lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 120, but to the extent an answer is required, Defendant denies them.

### C.    IMPACT TO WALLER BEACH PARK

121.    Defendant admits the allegations in Paragraph 121.

122.    Defendant admits the allegations in the first and second sentences of Paragraph 122. Defendant denies the allegations in the third sentence of Paragraph 122.

123.    Defendant denies the allegations in Paragraph 123.

### D.    REASONABLE ALTERNATIVES TO THE PROJECT

124.    Defendant denies the allegations in Paragraph 124.

125.    Defendant denies the allegations in Paragraph 125.

126.    Defendant denies the allegations in Paragraph 126.

127.    Defendant denies the allegations in Paragraph 127.

128.    Defendant denies the allegations in Paragraph 128.

129.     Paragraph 129 contains Plaintiffs' characterizations of fact to which no answer is required, but to the extent an answer is required, Defendant denies them.

130.     Paragraph 130 contains Plaintiffs' characterizations of fact to which no answer is required, but to the extent an answer is required, Defendant denies them.

131.     Defendant admits the allegations in Paragraph 131.

132.     Defendant denies the allegations in Paragraph 132.

133.     Defendant denies the allegations in Paragraph 133. Additionally, the DEIS itself constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

134.     Defendant denies the allegations in Paragraph 134.

135.     Paragraph 135 contains Plaintiffs' conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

136.     Defendant denies the allegations contained in Paragraph 136.

## VI.     CLAIMS FOR RELIEF

### CLAIM I – NEPA and APA

137.      Defendant denies the allegations in Paragraph 137. Additionally, Defendant denies each and every allegation not previously admitted or otherwise qualified.

138.     Defendant denies the allegations in Paragraph 138.

### CLAIM II – LWCF and APA

139.     Defendant denies the allegations in Paragraph 139. Additionally, Defendant denies each and every allegation not previously admitted or otherwise qualified.

140.     Defendant denies the allegations in Paragraph 140.

## PRAYER FOR RELIEF

Defendant denies the allegations in the Prayer and denies that the declaratory judgments, injunctive relief, attorneys' fees, and other relief requested in subparagraphs (1) through (7), or any other relief, are warranted. Additionally, Defendant denies each and every allegation not previously admitted or otherwise qualified.

## <u>AFFIRMATIVE DEFENSES</u>

a.      Plaintiffs' claims for relief are barred because Plaintiffs lack standing.

b.      Plaintiffs' claims for relief are barred because the Court lacks subject-matter jurisdiction.

c.      Plaintiffs' claims for relief are barred because Plaintiffs fail to state a claim upon which relief can be granted.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

NANETTE M. DINUNZIO
Chief, Transportation Division

/s/ Lisa McClain Mitchell
LISA MCCLAIN MITCHELL
Texas Bar No. 90001724
MATT GAMBOA-LUTZ
Texas Bar No. 24136835
*Admitted Pro Hac Vice*
AIDAN READ
Texas Bar No. 24138747
*Admitted Pro Hac Vice*
Assistant Attorneys General
Transportation Division
P.O. Box 12548

Austin, Texas 78711-2548
Telephone: (512) 936-1431
Facsimile: (512) 936-0888
Email: lisa.mitchell@oag.texas.gov
Email: matt.gamboa-lutz@oag.texas.gov
Email: aidan.read@oag.texas.gov

RYAN P. BATES
Texas Bar No. 24055152
Bates PLLC
919 Congress Avenue, Suite 1305
Austin, Texas 78701
Telephone: (512) 694-5268
Email: rbates@batespllc.com

Attorneys for Defendant,
Texas Department of Transportation

## CERTIFICATE OF SERVICE

I certify that on April 22, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically notify via email all counsel of record.

/s/ Lisa McClain Mitchell
LISA MCCLAIN MITCHELL
Assistant Attorney General