IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RETHINK35, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:24-CV-92-DII |
| TEXAS DEPARTMENT OF TRANSPORTATION, et al., | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiffs' Notice of Dismissal, in which they dismiss Claim II (LWCF Act and APA) of their complaint, (Dkt. 1), without prejudice as to all Defendants. (Dkt. 26). Plaintiffs also dismiss the entire action without prejudice as to Defendant Marc Williams, in his official capacity as Executive Director of the Texas Department of Transportation ("TXDOT"). (*Id.*).

In their notice, Plaintiffs cite Federal Rule of Civil Procedure 41(a)(1), (*id.*), which allows a plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. *See* Rules 41(a)(1)(A)(i), 41(a)(1)(A)(ii). Plaintiffs' notice is not signed by all parties. (*Id.*).

Rule 41(a)(1)(A)(i) allows a plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Though Rule 41 speaks of dismissing an "action," the Fifth Circuit has interpreted it to allow plaintiffs to dismiss all of their claims against individual opposing parties. *See Oswalt v. Scripto, Inc.*, 616 F.2d 191, 194–95 (5th Cir. 1980); *Plains Growers ex rel. Florists'*

*Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254–55 (5th Cir. 1973); *see also* 9 Charles A. Wright, et al. *Federal Practice and Procedure* § 2362 (3d ed. Aug. 2019 update). Defendant Marc Williams has not served an answer or motion for summary judgment. Plaintiffs' notice is therefore "self-effectuating" and "no order or other action of the district court is required." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015), *as revised* (May 15, 2015).

As for the dismissal of Claim II against all Defendants,[1] Plaintiffs' notice is not effective because Defendant TXDOT has filed an answer. (Dkt. 23). The Court therefore will construe Plaintiffs' notice as a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedllovd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). The district court has discretion to grant a Rule 41(a)(2) motion to dismiss. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Generally, motions for voluntary dismissal should be freely granted, unless the non-moving party can show it would suffer some plain legal prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). The Court finds that TXDOT will not suffer any legal prejudice because, according to Plaintiffs' notice, it has stipulated to this dismissal. (Dkt. 26). Therefore, the Court will dismiss Claim II against TXDOT.

Accordingly, **IT IS ORDERED** that all claims are **DISMISSED WITHOUT PREJUDICE** against Marc Williams.

**IT IS FURTHER ORDERED** that Marc Williams is **TERMINATED** as a party in this case.

**IT IS FURTHER ORDERED** that Marc Williams's Motion to Dismiss, (Dkt. 11), is **MOOT**.

---

[1] TXDOT is now the only remaining defendant.

**IT IS FURTHER ORDERED** that Claim II is **DISMISSED WITHOUT PREJUDICE** as to all Defendants.

**IT IS FINALLY ORDERED** that Texas Department of Transportation's Motion to Dismiss, (Dkt. 22), is **MOOT** given that it only sought to dismiss Claim II.

**SIGNED** on May 7, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE