**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| RETHINK35, et al., *Plaintiffs*, | § | |
| v. | § | CIVIL ACTION NO. 1:24-CV-00092-DII |
| TEXAS DEPARTMENT OF TRANSPORTATION, *Defendant*. | § | |

**DEFENDANT TEXAS DEPARTMENT OF TRANSPORTATION'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

The Texas Department of Transportation ("TxDOT") files this Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (Dkt. No. 32). For ease of reference only, without admitting or conceding any assertions made by the headings or other structural elements of Plaintiffs' complaint, this Answer is structured to follow the organization of the First Amended Complaint.

**DEFENDANT'S ANSWER**

1. Defendant admits that the Interstate 35 ("I-35") Capital Express Central project (the "Project") addresses the portion of I-35 that runs through downtown Austin, Texas, between US 290 East and US 290 West/SH 71/Ben White Boulevard. Defendant specifically denies the allegation that it violated the National Environmental Policy Act ("NEPA") in its approval of the Project, whether by failing to properly consider the environmental consequences and environmental injustice impacts of the Project or in any other respect. The remainder of Paragraph

1 contains Plaintiffs' characterization of facts and law to which no answer is required, but insofar as an answer is required, Defendant denies them.

2. Defendant specifically denies the allegation that the Project will reinforce or exacerbate racial inequity. The remainder of Paragraph 2 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Paragraph 3, but to the extent an answer to such allegations is required, Defendant denies them.

4. Defendant specifically denies the allegations that the construction of I-35 caused discrimination against Black or Latino communities or that I-35's impacts on communities along it have fallen disproportionately on marginalized persons. The remainder of Paragraph 4 contains Plaintiffs' characterizations of facts to which no answer is required, but to the extent an answer may be required, Defendant denies them.

5. Defendant specifically denies the allegation that it failed to rigorously explore and objectively evaluate "comprehensive proposals for alternative project designs" submitted by community members regarding the Project, or that Defendant's alternatives analysis in any way violated NEPA. The remainder of Paragraph 5 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

6. Defendant specifically denies Plaintiffs' allegations that Defendant failed to take a "hard look" at environmental impacts associated with human health, air quality, and water resources, failed to properly engage in interagency collaboration, or failed to satisfy their NEPA obligations in any respect. The remainder of Paragraph 6 contains Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but insofar as an answer is required, Defendant denies them.

7. Defendant admits that the Project will impact and/or convert public parkland within the Project area, including parklands located along the Colorado River and/or Lady Bird Lake. Defendant denies the remainder of the allegations in Paragraph 7.

**JURISDICTION**

8. Paragraph 8 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendant denies them.

9. Defendant admits that portions of I-35 to be improved are located within the Western District and that it maintains an office at 125 East 11th Street in Austin, Texas. The remainder of Paragraph 9 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendant denies them.

10. Paragraph 10 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendant denies them. Defendant specifically denies that its actions with respect to the Project will cause irreparable harm to the environment or the public or that such actions violate federal law.

**PARTIES**

**A. PLAINTIFFS**

11. Defendant specifically denies the allegation that it failed to adequately complete its delegated responsibility of environmental review of the Project in compliance with NEPA. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 11, but to the extent an answer is required, Defendant denies them.

12. Defendant specifically denies the allegation that it failed to comply with NEPA or to generate required information on the environmental effects of the Project. Defendant lacks

knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 12, but to the extent an answer is required, Defendant denies them.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13, but to the extent an answer is required, Defendant denies them.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14, but to the extent an answer is required, Defendant denies them.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15, but to the extent an answer is required, Defendant denies them.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16, but to the extent an answer is required, Defendant denies them.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17, but to the extent an answer is required, Defendant denies them.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18, but to the extent an answer is required, Defendant denies them.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19, but to the extent an answer is required, Defendant denies them.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20, but to the extent an answer is required, Defendant denies them.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21, but to the extent an answer is required, Defendant denies them.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22, but to the extent an answer is required, Defendant denies them.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23, but to the extent an answer is required, Defendant denies them.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24, but to the extent an answer is required, Defendant denies them.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25, but to the extent an answer is required, Defendant denies them.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26, but to the extent an answer is required, Defendant denies them.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27, but to the extent an answer is required, Defendant denies them.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28, but to the extent an answer is required, Defendant denies them.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29, but to the extent an answer is required, Defendant denies them.

**B. DEFENDANT**

30. Defendant admits the allegations in Paragraph 30.

31. Defendant admits the allegations in Paragraph 31.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

32. Defendant admits the allegations contained in the first and second sentence of Paragraph 32. The last sentence of Paragraph 32 contains a conclusion of law to which no answer is required, but to the extent an answer may be required, Defendant it.

33. Paragraph 33 contains a conclusion of law to which no answer is required, but to the extent an answer may be required, Defendant denies it.

**LEGAL FRAMEWORK GIVING RISE TO PLAINTIFFS' CLAIMS FOR RELIEF**

34. Paragraph 34 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

35. Paragraph 35 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

36. Paragraph 36 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

37. Paragraph 37, including footnote 4, is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

38. Paragraph 38 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

39. Paragraph 39 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

40. Paragraph 40 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

41. Paragraph 41 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

42. Paragraph 42 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

43. Paragraph 43 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

44. Paragraph 44 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

45. Paragraph 45 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

46. Paragraph 46 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

47. Paragraph 47 is Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

**FACTS**

48. Defendant admits the allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant admits the allegations contained in first sentence, second sentence, and fourth sentences in Paragraph 50. Defendant denies the allegations in the third sentence of Paragraph 50.

51. Paragraph 51 contains Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but insofar as an answer is required, Defendant denies them.

**A. IMPACTS ON MARGINALIZED COMMUNITIES**

52. Paragraph 52 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

53. Defendant specifically denies the allegations that the construction of I-35 caused discrimination against Black or Latino communities or that the Project will reinforce or exacerbate such discrimination. The remainder of Paragraph 53 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

54. The first sentence of Paragraph 54 contains Plaintiffs' characterizations of facts to which no answer is required, but insofar as an answer is required, Defendant denies them. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 54, but to the extent an answer is required, Defendant denies them.

55. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 55, but to the extent an answer is required, Defendant denies them.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence of Paragraph 56, but to the extent an answer is required, Defendant denies them. The remainder of Paragraph 56 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

57. Paragraph 57 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 58, but insofar as an answer is required, Defendant denies them.

59. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence of Paragraph 59, but insofar as an answer is required, Defendant denies them. The remainder of Paragraph 59 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

60. Paragraph 60 contains Plaintiffs' characterization of facts to which no answer is required, and Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 60; insofar as an answer is required, Defendant denies them.

61. Paragraph 61 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

62. Paragraph 62 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 63, but insofar as an answer is required, Defendant denies them.

64. Paragraph 64 contains Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but insofar as an answer is required, Defendant denies them.

65. Defendant admits that TxDOT's NEPA analysis of the Project included analysis of environmental justice impacts. Defendant denies the remainder of the allegations contained in Paragraph 65.

66. Defendant admits the allegations contained in Paragraph 66. However, the Project's Final Environmental Impact Statement ("FEIS"), including its supporting and constituent materials contained in the Record of Decision constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

67. Defendant admits the allegations contained in Paragraph 67.

68. The comment submitted by the City of Austin constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first or second sentences of Paragraph 68 or the photograph referenced therein, but insofar as an answer is required, Defendant denies them. The last sentence of Paragraph 75 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendant denies them.

69. Defendant admits that the Project will result in the displacement of the David Powell Health Center, the CommUnityCare Hancock Walk-In Clinic, and Escuelita del Alma. Defendant specifically denies that these or any other properties impacted by the Project were "targeted for displacement." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 69, but to the extent an answer is required, Defendant denies them.

70. Defendant denies the allegations contained in Paragraph 70.

71. The submitted comments constitute the best evidence of their respective contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of and the block-quoted material in Paragraph 71, but to the extent an answer is required, Defendant denies them. The allegations in the second and third sentences of Paragraph 71 are Plaintiffs' characterizations of fact and conclusions of law to which no response is required, but to the extent an answer is required, Defendant denies them.

72. Defendant denies the allegations contained in Paragraph 72.

73. Defendant denies the allegations contained in Paragraph 73.

74. Defendant admits that a petition was submitted to FHWA requesting withdrawal of its delegation with respect to the Project based on alleged violations of Title VI of the Civil Rights Act of 1964. Defendant specifically denies that any such violations exist due to or would be caused by the Project. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 74, but insofar as an answer is required, Defendant denies them.

**A. AIR QUALITY IMPACTS**

75. The allegations in Paragraph 75 are Plaintiffs' characterizations of fact requiring no answer, but to the extent an answer is required, Defendant denies them. Additionally, the referenced public comments, City of Austin resolution, and Travis County letter constitute the best evidence of their respective contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

76. Defendant denies the allegations contained in Paragraph 76.

**1. Criteria Pollutants**

77. Paragraph 77 contains Plaintiffs' characterizations of fact and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them. Additionally, the Clean Air Act and its implementing regulations, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

78. Defendant admits the allegations contained in Paragraph 78.

79. Defendant denies the allegations contained in Paragraph 79.

80. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 80, but insofar as an answer is required, Defendant denies them.

81. Defendant admits that the FEIS does not examine the impacts of $PM_{2.5}$ in the context of the Project. Defendant denies the remainder of the allegations in Paragraph 81.

82. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 82, but insofar as an answer is required, Defendant denies them.

83. Paragraph 83 contains Plaintiffs' characterizations of fact and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them. Additionally, the Clean Air Act, its implementing regulations, and the EPA's $PM_{2.5}$ rule, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

84. Paragraph 84 contains Plaintiffs' characterizations of fact and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them. Additionally, the Clean Air Act, its implementing regulations, and the EPA's $PM_{2.5}$ rule, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

85. Paragraph 85 contains Plaintiffs' characterizations of fact and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them. Additionally, the Clean Air Act, its implementing regulations, and the EPA's $PM_{2.5}$ rule, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

86. Paragraph 86 contains Plaintiffs' characterizations of fact and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them. Additionally, the Clean Air Act, its implementing regulations, and the EPA's $PM_{2.5}$ rule, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

87. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 87, but insofar as an answer is required, Defendant denies them.

88. Paragraph 88 contains Plaintiffs' characterizations of fact and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them. Additionally, the Clean Air Act, its implementing regulations, and the EPA's $PM_{2.5}$ rule, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

89. Paragraph 89 contains Plaintiffs' characterizations of fact and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them. Additionally, the Clean Air Act, its implementing regulations, and the EPA's $PM_{2.5}$ rule, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

90. Paragraph 90 contains Plaintiffs' characterizations of fact and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

Additionally, the Clean Air Act, its implementing regulations, and the EPA's $PM_{2.5}$ rule, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

91. Defendant denies the allegations in Paragraph 91.

92. The FEIS constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied. Subject to that objection, Defendant admits the allegations in Paragraph 92.

93. The first sentence of Paragraph 93 contains conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them. Defendant denies the allegations contained in the second sentence of Paragraph 93.

94. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 94, but insofar as an answer is required, Defendant denies them.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

**2. Air Toxics**

97. Paragraph 97 contains Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

98. Defendant denies the allegations in Paragraph 98.

99. Paragraph 99 contains Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

100. Defendant admits the allegations in Paragraph 100.

101. Defendant denies the allegations in Paragraph 101.

102. Defendant admits the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

**3. VOC and $NO_X$**

104. Defendant denies the allegations in Paragraph 104.

105. Defendant admits that the Project is located in an area designated as being in attainment or unclassifiable for ozone ($O_3$) NAAQS under the Clean Air Act. The remainder of the allegations in Paragraph 105 are Plaintiffs' characterization of facts to which no answer is required, but to the extent an answer is required, Defendant denies them.

106. Defendant denies the allegations in Paragraph 106.

107. The first sentence of Paragraph 107 contains conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them. Defendant denies the allegations contained in the second sentence of Paragraph 107.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the last sentence of Paragraph 109, but insofar as an answer is required, Defendant denies them. Additionally, the referenced City of Austin resolution constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied. Defendant denies the allegations in the remainder of Paragraph 109.

**B. WATER-RELATED IMPACTS**

110. Defendant admits the allegations in Paragraph 110.

111. The allegations in Paragraph 111 are Plaintiffs' characterizations of facts to which no response is required, but to the extent an answer is required, Defendant denies them.

112. Defendant admits the Project area includes floodplains. Defendant denies the remaining allegations in Paragraph 112.

113. Defendant admits the allegations in the first sentence of Paragraph 113. The allegations in the second sentence of Paragraph 113 are Plaintiffs' characterizations of facts to which no response is required, but to the extent an answer is required, Defendant denies them.

114. Defendant denies the allegations in the first sentence of Paragraph 114. Defendant admits the allegations in the second sentence of Paragraph 114.

115. Defendant denies the allegations in Paragraph 115.

116. Defendant denies the allegations in Paragraph 116. Additionally, the FEIS constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

117. The allegations in the first sentence of Paragraph 117 are Plaintiffs' characterizations of facts to which no response is required, but to the extent an answer is required, Defendant denies them. Defendant denies the remainder of the allegations in Paragraph 117.

118. Defendant denies the allegations in Paragraph 118.

119. Defendant admits the allegations in Paragraph 119.

120. Paragraph 120 contains Plaintiffs' characterizations of facts to which no answer is required, but to the extent an answer is required, Defendant denies them.

121. Paragraph 121 contains Plaintiffs' characterizations of facts and law to which no answer is required, but insofar as an answer is required, Defendant denies them. Additionally, the laws to which Plaintiffs refer constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

122. Defendant admits that there is no critical habitat identified within the Project area. Defendant further admits that the FEIS, published on September 1, 2023, stated that a survey of the outfall area would "be performed in summer 2023." Defendant denies the remainder of the allegations contained in the first sentence of Paragraph 122 and deny the second and fourth

sentences of Paragraph 122 in their entirety. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the fifth sentence of Paragraph 122, but to the extent an answer is required, Defendant denies them.

123. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first and second sentences of Paragraph 123, but to the extent an answer is required, Defendant denies them. Defendant admits that the big brown bat, eastern red bat, hoary bat, and swamp rabbit all potentially occur within the wildlife sanctuary and areas around the outfall structure along the Colorado River. Defendant denies the allegations in the fourth sentence of Paragraph 123.

124. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence of Paragraph 124. Defendant denies the remaining allegations in Paragraph 124.

125. Defendant denies the allegations in the first, second, and fifth sentences of Paragraph 125. The seventh sentence of Paragraph 125 contains conclusions of law to which no answer is required, but insofar as an answer is required, Defendant denies them. Defendant lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 125, but to the extent an answer is required, Defendant denies them.

**C. REASONABLE ALTERNATIVES TO THE PROJECT**

126. Defendant denies the allegations in Paragraph 126.

127. Defendant denies the allegations in Paragraph 127.

128. Defendant denies the allegations in Paragraph 128.

129. Defendant denies the allegations in Paragraph 129.

130. Defendant denies the allegations in Paragraph 130.

131. Paragraph 131 contains Plaintiffs' characterizations of fact to which no answer is required, but to the extent an answer is required, Defendant denies them.

132. Paragraph 132 contains Plaintiffs' characterizations of fact to which no answer is required, but to the extent an answer is required, Defendant denies them.

133. Defendant admits the allegations in Paragraph 133.

134. Defendant denies the allegations in Paragraph 134.

135. Defendant denies the allegations in Paragraph 135. Additionally, the DEIS itself constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

136. Defendant denies the allegations in Paragraph 136.

137. Paragraph 137 contains Plaintiffs' conclusions of law to which no answer is required, but to the extent an answer is required, Defendant denies them.

138. Defendant denies the allegations contained in Paragraph 138, including those contained in footnote 31.

## CLAIMS FOR RELIEF

### CLAIM I – NEPA and APA 5 U.S.C. § 706(2)

139. Defendant denies the allegations in Paragraph 139. Additionally, Defendant denies each and every allegation not previously admitted or otherwise qualified.

140. Defendant denies the allegations in Paragraph 140.

### CLAIM II – NEPA and APA 5 U.S.C. § 706(1)

141. Defendant denies the allegations in Paragraph 141. Additionally, Defendant denies each and every allegation not previously admitted or otherwise qualified.

142. Defendant denies the allegations in Paragraph 142.

## PRAYER FOR RELIEF

Defendant denies the allegations in the Prayer and denies that the declaratory judgments, injunctive relief, attorneys' fees, and other relief requested in subparagraphs (1) through (8), or any other relief, is warranted. Additionally, Defendant denies each and every allegation not previously admitted or otherwise qualified.

**AFFIRMATIVE DEFENSES**

a. Plaintiffs' claims for relief are barred because Plaintiffs lack standing.

b. Plaintiffs' claims for relief are barred because the Court lacks subject-matter jurisdiction.

c. Plaintiffs' claims for relief are barred because Plaintiffs fail to state a claim upon which relief can be granted.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

NANETTE M. DINUNZIO
Chief, Transportation Division

/s/ Lisa McClain Mitchell
LISA MCCLAIN MITCHELL
Texas Bar No. 90001724
MATT GAMBOA-LUTZ
Texas Bar No. 24136835
*Admitted Pro Hac Vice*
AIDAN READ
Texas Bar No. 24138747
*Admitted Pro Hac Vice*
Assistant Attorneys General
Transportation Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-1431
Facsimile: (512) 936-0888
Email: lisa.mitchell@oag.texas.gov
Email: matt.gamboa-lutz@oag.texas.gov
Email: aidan.read@oag.texas.gov

RYAN P. BATES
Texas Bar No. 24055152
Bates PLLC
919 Congress Avenue, Suite 1305
Austin, Texas 78701
Telephone: (512) 694-5268
Email: rbates@batespllc.com

Attorneys for Defendant,
Texas Department of Transportation

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically notify via email all counsel of record.

/s/ Ryan P. Bates
Ryan P. Bates