**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| RETHINK35, et al., | § | |
| | § | Civ. Case No. 1:24-CV-00092 |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION (TXDOT), | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPLETE AND
SUPPLEMENT THE ADMINISTRATIVE RECORD AND, IN THE ALTERNATIVE,
REQUEST FOR JUDICIAL NOTICE**

Robert J. Levinski (Texas Bar No. 24097993)
Victoria Rose (Texas Bar No. 24131088)
William G. Bunch (Texas Bar No. 0334520)
SAVE OUR SPRINGS ALLIANCE
4701 Westgate Boulevard, Suite D-401
Austin, Texas 78745
Telephone: (512) 477-2320
bobby@sosalliance.org
victoria@sosalliance.org
bill@sosalliance.org

*Attorneys for Plaintiffs*

Rachel S. Doughty (Cal. Bar No. 255904)
*Admitted Pro Hac Vice*
J. Rae Lovko (Cal. Bar No. 208855)
*Admitted Pro Hac Vice*
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, California 94703
Telephone: (510) 900-9502
rdoughty@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

I.   INTRODUCTION ...........................................................................................1

II.  FACTS ........................................................................................................1

III. LEGAL FRAMEWORK................................................................................3

IV.  STANDARD OF REVIEW .............................................................................4

    A.   Completion of the Administrative Record ................................................4

    B.   Supplementation of the Administrative Record........................................6

    C.   Judicial Notice ...............................................................................6

V.   ARGUMENT................................................................................................7

    A.   The Administrative Record Should Be Completed With Documents Directly or
         Indirectly Considered .......................................................................7

        1.   Capital Area Metropolitan Planning Organization. 2020. CAMPO Baseline 2045
            Demographic Forecast.................................................................8

        2.   Council of Environmental Quality. 1997. Environmental Justice: Guidance Under
            the National Environmental Policy Act. (Doughty Decl., Exh. C) ...........8

        3.   City of Austin. 2018. Imagine Austin Comprehensive Plan. (Doughty Decl., Exh.
            D)............................................................................................8

        4.   City of Austin. 2018. Resolution to Adopt Right to Stay and Right to Return
            Programs for East Austin. (Doughty Decl., Exh. E) ..............................9

        5.   City of Austin. 2021. Non-Hispanic Black Geographic Distribution by Census
            Tract & City of Austin; City of Austin. 2021. Hispanic/Latino Geographic
            Distribution by Census Tract. (Doughty Decl., Exh. F)...........................9

        6.   City of Austin. n.d. Nothing About Us Without Us. (Cited at AR34149). (Doughty
            Decl., Exh. G).............................................................................9

        7.   EPA. 2022. Global Greenhouse Gas Emissions Data; EPA. 2022. Climate Change
            Indicators: Greenhouse Gases; EPA 2022. National Air Toxins Assessment .........10

        8.   Executive Order 13985 (January 20, 2021). (Doughty Decl., Exh. H)....................10

        9.   Tang, E. & Ren, C. 2014. Outlier: The Case of Austin's Declining African-
            American Population. The Institute for Urban Policy Research & Analysis.
            University of Texas at Austin. (Doughty Decl., Exh. I)...........................10

10. Texas Commission on Environmental Quality. 2015. MOVES2014 On-road Trend Emissions Inventories for 1990 to 2050. ..................................................................11

11. Texas Department of Transportation. 2011. I-35 Advisory Committee Plan. August 2011. (Doughty Decl., Exh. J) .................................................................................11

12. Texas Department of Transportation. 2014. I-35 Future Transportation Corridor Planning and Environmental Linkages Study. TxDOT Austin District. (Doughty Decl., Exh. K)......................................................................................................11

13. Texas Department of Transportation. 2018. Technical Report. Statewide On-Road Greenhouse Gas Emissions Analysis and Climate Change Assessment. (Doughty Decl., Exh. L) ......................................................................................................11

14. Texas Department of Transportation. Air Quality Toolkit. (Doughty Decl., Exh. M – Running Emission Rates Table, Exh. N – Idling Emission Rates Table, Exh. O – CO TAQA Rates Lookup Table ) ........................................................................12

15. Tretter, E. 2012. Austin Restricted: Progressivism, Zoning, Private Racial Covenants, and the Making of a Segregated City. The University of Texas at Austin, University of Texas Libraries. (Doughty Decl., Exh. P) ............................12

16. USDOT. 2015. Environmental Justice Reference Guide 2015. October 19, 2021. (Doughty Decl., Exh. Q) ....................................................................................12

17. University of Texas at Austin. 2018. Uprooted: Residential Displacement in Austin's Gentrifying Neighborhoods and What Can Be Done About It. (Doughty Decl., Exh. R) ....................................................................................................13

18. The I-35 Corridor Austin, Texas: A ULI Advisory Services Panel Report. (Doughty Decl., Exh. S) .....................................................................................13

19. Zehr, D. 2015. Inheriting Inequality. Austin American Statesman..........................13

20. CapEx. "VOICES Presentation." July 6, 2021; .....................................................13

**B.  The Administrative Record Should Be Supplemented With Extra-Record Evidence .............................................................................................................14**

1. Austin, Tex. Amendment #2 to Final Project Plan and Reinvestment Zone Financing Plan. (Doughty Decl. Exh. T).................................................................15

2. U.S. EPA, EPA to Reexamine Health Standards for Harmful Soot that Previous Administration Left Unchanged (June 10, 2021). (Doughty Decl. Exh. V) ............15

3. U.S. EPA, EPA Proposes to Strengthen Air Quality Standards to Protect the Public from Harmful Effects of Soot (January 6, 2023). (Doughty Decl. Exh. W) ............16

4.  U.S. EPA, Supplement to the 2019 Integrated Science Assessment for Particulate Matter (May 2022). (Doughty Decl. Exh. X)..........................................................16

5.  U.S. Fish & Wildlife Services, Interactive Map (showing habitat of the Texas fatmucket) (Doughty Decl. Exh. Y) ..........................................................................17

6.  US EPA, Final Guidance for Consideration of Environmental Justice in Clean Air Act 309 Reviews (Jul. 1999). (Doughty Decl. Exh. Z)...........................................17

7.  City of Austin Comments on 1-35 Capital Express Central (Dec. 29, 2020). (Doughty Decl. Exh. AA) .......................................................................................17

8.  Austin, Tex. Resolution 202310-045 (October 19, 2023). (Doughty Decl. Exh. BB) ...................................................................................................................18

9.  City of Austin Environmental Commission. Austin and the EPA's PM2.5 NAAQS (June 7, 2023). (Doughty Decl. Exh. CC).............................................................18

10. Travis County, Commissioners Court-Approved Letter to Texas Department of Transportation (February 28, 2023; Sept. 26, 2023). (Doughty Decl. Exh. DD).....19

11. Austin City Council Members Zo Qadri, Chilo Vela and Ryan Alter. Joint Statement on 1-35 Update (July 31, 2023). (Doughty Decl. Exh. EE) ...................19

12. 88 FR 5558 (January 23, 2023). (Doughty Decl. Exh. FF).....................................19

13. 89 FR 16202 (March 6, 2024). (Doughty Decl. Exh. GG) .....................................20

14. Title VI Complaint in People Organized in Defense of Earth and Her Resources et al. v. TXDOT et al. (Doughty Decl. Exh II) .........................................................20

**C.   CONCLUSION**.............................................................................................................**20**

## TABLE OF AUTHORITIES

**Cases**

*Absolute Activist Value Master Fund v. Devine*, 233 F. Supp. 3d 1297 (M.D. Fla. 2017)............. 7

*Amfac Resorts, LLC v. United States DOI*, 143 F. Supp. 2d 7 (D.D.C. 2001) ........................ 5, 14

*Benak v. Alliance Capital Mgmt.*, 349 F.Supp.2d 882 (D.N.J. 2004)............................................ 7

*Bundorf v. Jewell*, 142 F. Supp. 3d 1138 (D. Nev. 2015)............................................................ 20

*Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971)................................................ 5

*City of Dall. v. Hall*, 2007 U.S. Dist. LEXIS 82080 (N.D. Tex. Oct. 29, 2007) .................. passim

*Coliseum Square Ass'n v. Jackson*, 465 F.3d 215 (5th Cir. 2006)......................................... passim

*Ctr. for Biological Diversity v. United States DOI,* 72 F.4th 1166 (10th Cir. 2023)..................... 4

*Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267 (D. Colo. 2010)....................... 5, 14

*Cty. of Suffolk v. Sec'y of Interior,* 562 F.2d 1368 (2d Cir. 1977) ........................................ passim

*Earth Island Inst. v. United States Forest Serv.*, 351 F.3d 1291 (9th Cir. 2003).................. passim

*Ecology Ctr. v. Castaneda*, 574 F.3d 652 (9th Cir. 2009) ..................................................... passim

*Experian Info. Sols., Inc. v. Lifelock, Inc.,* 633 F. Supp. 2d 1104 (C.D. Cal. 2009)..................... 7

*Exxon Corp. v. Dep't of Energy*, 91 F.R.D. 26 (N.D. Tex. 1981) ......................................... passim

*FAS Capital, LLC v. Carr*, 7 F. Supp. 3d 1259 (N.D. Ga. 2014) .................................................. 7

*Fath v. Tex. DOT*, 924 F.3d 132, 136 (5th Cir. 2018) ................................................................... 4

*Friends of the Clearwater v. Dombeck*, 222 F.3d 552 (9th Cir. 2000).............................. 6, 14, 20

*Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988 (9th Cir. 2018)............................................ 7

*La Union Del Pueblo Entero v. FEMA*, 141 F. Supp. 3d 681 (S.D. Tex. 2015) .................. passim

*Longo v. Seminole Indian Casino-Immokalee*, 813 F.3d 1348 (11th Cir. 2016) .......................... 7

*Medina Cnty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687 (5th Cir. 2010)...... passim

*NRDC v. United States Forest Serv.*, 421 F.3d 797 (9th Cir. 2005) ................................................ 4

*Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73 (D.D.C. 2018) ..................................................... 5, 7, 12

*S.F. Baykeeper v. Whitman*, 297 F.3d 877 (9th Cir. 2002) ........................................................ 20

*Sharks Sports & Entm't LLC v. Fed. Transit Admin.*, No. 18-cv-04060-LHK (SVK), 2020 U.S.

    Dist. LEXIS 16411 (N.D. Cal. Jan. 31, 2020) .......................................................... 5

*Thompson v. United States Dep't of Labor*, 885 F.2d 551 (9th Cir. 1989) .................................... 4

**Statutes**

44 U.S.C. § 1507 ........................................................................................................... 12

Fed. R. Evid. 201(b) ............................................................................... 11, 13, 20, 23

**Regulations**

40 C.F.R. § 1502.1 ........................................................................................................ 9

40 C.F.R. § 1502.3 ........................................................................................................ 9

40 C.F.R. § 1502.9(d) ........................................................................................ 7, 8, 9, 25

42 U.S.C. § 4332(2)(c) .................................................................................................. 9

42 U.S.C. §4321 ........................................................................................................... 7

5 U.S.C. § 706(1) .................................................................................................. passim

5 U.S.C. § 706(2) ......................................................................................................... 7

## I.    INTRODUCTION

On August 18, 2023, Defendant TXDOT issued its Final Environmental Impact Statement/Record of Decision ("FEIS"/"ROD") for the I-35 Capital Express Central Project from US 290 East to US 290 West/SH71 ("Project"), which will reconstruct and expand a section of I-35 that runs through downtown Austin.[1] ECF 32, p.1. On June 11, 2024, the TXDOT lodged the administrative record for the Project, consisting of 245 documents. ECF 28, 28-2. A supplemental record was lodged on September 4, 2024, consisting of 1 document. ECF 38, 38-1.

Plaintiffs now submit this brief in support of their Motion to Complete and Supplement the Administrative Record and, in the Alternative, Request for Judicial Notice.

## II.    FACTS

The Project allows for a large expansion of I-35 to include the addition of non-tolled high occupancy-vehicle ("HOV") lanes, as well as new frontage roads and ramps. ECF 32, p.13. The Project also requires approximately 54.1 acres of additional right-of-way, resulting in the displacement of residences and business in areas with environmental justice ("EJ") concerns. *Id.* at pp.13-14.

Claim I of Plaintiffs' First Amended Complaint ("FAC") avers that TXDOT's environmental review and approval of the Project was arbitrary and capricious and otherwise not in accordance with law in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2) and the National Environmental Policy Act ("NEPA"), 42 U.S.C. §4321 et seq. ECF 32,

---

[1] TXDOT is the lead agency for the Project pursuant to authorization from the Secretary of the United States Department of Transportation. ECF 32, p.9. TXDOT assumed such responsibilities of the Secretary for environmental review, consultation, and other delineated responsibilities pursuant to a memorandum of understanding ("MOU") between the United States Federal Highway Administration ("FHWA") and TXDOT. *Id.*

TxDOT is considered a federal agency through its delegation under the executed MOUs and is directly responsible for the federal activity of environmental review under NEPA. *Id.* Because TxDOT assumed the responsibilities of the Secretary of Transportation for NEPA compliance, TxDOT is subject to the same environmental and administrative law standards that would apply to federal agencies. *Id.*

p.35. This violation is based, in part, on Defendant's failure to consider a reasonable range of alternatives and failure to adequately document, analyze and consider substantial environmental harms pertaining to environmental justice (EJ), water-related impacts, and air quality. *Id.* Claim II avers that Defendant's refusal to prepare a supplemental EIS in light of the EPA's new National Ambient Air Quality Standards ("NAAQS") for particulate matter ("PM") constitutes action unlawfully withheld or action unreasonably delayed in violation of the APA, 5 U.S.C. § 706(1) and 40 C.F.R. § 1502.9(d).[2] ECF 32, p.35.

As regards air quality impacts, Plaintiffs' FAC avers that TXDOT failed to adequately analyze the Project's impact on criteria pollutants, mobile source air toxics, and ozone precursors. ECF 32, pp.20-26. For PM, the EPA announced in 2021 that it would be reconsidering the NAAQS. *Id.*, p. 21. In January of 2023, the EPA published a proposal for this reconsideration, stating that the proposal was intended to strengthen the NAAQS for PM2.5 by changing the primary (health-based) annual PM2.5 standard from a level of 12 micrograms per cubic meter to a level between 9 and 10 micrograms per cubic meter. *Id.* Based on recent data, the three-year mean for PM2.5 in Austin exceeds 9 micrograms per cubic meter. *Id.* This mean measurement does not take into account anticipated impacts specific to the Capital Express Central Project. *Id.*

The EPA's proposal and anticipated change to the PM NAAQS were known to Defendants prior to issuing the FEIS/ROD on the I-35 Capital Express Central Project. *Id.* Yet, TXDOT did not address the proposal in the context of the Project. *Id.*

Subsequent to TxDOT's issuance of its FEIS/ROD for the Project, the EPA issued a final rule that revises the PM NAAQS. *Id.*, p. 22. Effective May 6, 2024, the primary annual PM2.5

---

[2] A supplemental EIS is required when "[t]here are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts." 40 C.F.R. § 1502.9(d).

standard is lowered from 12.0 micrograms per cubic meter to 9.0 micrograms per cubic meter, with the EPA noting that the 12.0 standard "is not adequate to protect public health with an adequate margin of safety." *Id.* (quoting from 89 FR at 16203-16204). The new primary annual standard for PM2.5 constitutes "significant new circumstances or information relevant to environmental concerns," and as such, TxDOT should have prepared and circulated a supplemental EIS; however, TxDOT has not done so. *Id.*, p. 24 (citing 40 C.F.R. § 1502.9(d)).

On June 28, 2024, Plaintiffs' counsel wrote to Defendant's counsel to request the addition of a number of documents to the administrative record – all of which were identified within TXDOT's EIS. Doughty Decl., Exh. A. Defendant agreed to supplement the administrative record its March 2023 Environmental Guide: Volume 2 Activity Instructions. *Id.* Defendant stated it would not otherwise supplement the administrative record because the remaining documents are not decisional, are available online or from third parties, and their inclusion would create an unnecessarily voluminous administrative record. *Id.*

On September 3, 2024, Plaintiffs' counsel wrote to Defendants' counsel to identify additional documents Plaintiffs believe should either be added to the administrative record or be considered as extra-record evidence. Doughty Decl., Exh. B. Defendant agreed to supplement the record with an additional 5 documents but argued the other documents were not relevant to TXDOT's decision-making process or are duplicative of other documents. *Id.*

On October 9, 2024, Plaintiff's counsel wrote to Defendants' counsel to ask that the administrative record be supplemented with the Title VI complaint filed by Rethink 35 and others against TXDOT for the I-35 project. Doughty Decl., Exh GG.

III.    **LEGAL FRAMEWORK**

Under NEPA, agencies are required to take a "hard look" at the environmental impacts of a project. *See Fath v. Tex. DOT*, 924 F.3d 132, 136 (5th Cir. 2018). Judicial review of NEPA compliance is reviewed under the Administrative Procedures Act, necessitating the court to engage in a "'thorough, probing, in-depth review' of the administrative record." *Ctr. for Biological Diversity v. United States DOI,* 72 F.4th 1166, 1178 (10th Cir. 2023).

NEPA and the regulations promulgated thereunder by the Council on Environmental Quality require preparation of a detailed statement, referred to as an Environmental Impact Statement ("EIS"), for all "major Federal actions significantly affecting the quality of the human environment." 40 C.F.R. § 1502.3; 42 U.S.C. § 4332(c). When preparing an EIS, the lead agency must not only consider environmental impacts, but it also must rigorously explore and evaluate alternatives to the proposed action. *See* 42 U.S.C. § 4332(2)(c); 40 C.F.R. § 1502.1. An EIS is rendered inadequate by the existence of a viable but unexamined alternative. *See NRDC v. United States Forest Serv.*, 421 F.3d 797, 813 (9th Cir. 2005).

A supplemental EIS also is mandatory when "[t]here are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts." 40 C.F.R. § 1502.9(d).

IV.     **STANDARD OF REVIEW**

A.     **Completion of the Administrative Record**

Under the APA, "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. The administrative record "is not necessarily those documents that the *agency* has compiled and submitted as 'the' administrative record." *Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (quoting *Exxon Corp. v. Dep't of Energy*, 91 F.R.D. 26, 32 (N.D. Tex. 1981)) (emphasis in original). While the record submitted by the agency is subject to a rebuttable presumption of regularity, the administrative record before the

Court for review must be "the whole record" that was actually before the agency, as opposed to a carefully culled "record" that the agency's lawyers compile and submit to the Court in litigation. *See* 5 U.S.C. § 706; *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 419-20 (1971).

The administrative record should include "all documents and materials directly or indirectly considered by agency decision-makers and include evidence contrary to the agency's position." *Exxon Corp.*, 91 F.R.D. at 33. It includes "all materials that might have influenced the agency's decision, and not merely those upon which the agency relied in its final decision." *La Union Del Pueblo Entero v. FEMA*, 141 F. Supp. 3d 681, 694 (S.D. Tex. 2015).

Where a document is specifically cited in an EIS or ROD, "that is sufficient evidence that the [agency] considered, directly or indirectly, that document in developing the [challenged decision], and the document should be included in the administrative record." *Sharks Sports & Entm't LLC v. Fed. Transit Admin.*, No. 18-cv-04060-LHK (SVK), 2020 U.S. Dist. LEXIS 16411 at *34 (N.D. Cal. Jan. 31, 2020). Similarly, where documents are included in the list of references appended to the end of an EIS, but are not cited in the body of the EIS, they should be included in the record. *Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 81 (D.D.C. 2018).

Where a document is cited in the recommendations or conclusions made by an agency subordinate or consultant, it should be included in the administrative record if the recommendations or conclusions heavily relied on the document. *See Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1276 (D. Colo. 2010); *Amfac Resorts, LLC v. United States DOI*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001). In such a situation, it is immaterial whether the decisionmaker actually read the document. *See Ctr. for Native Ecosystems*, 711 F. Supp. 2d at 1276. Further, the hard data relied upon by an agency consultant or expert also must be included in the administrative record. *See Ecology Ctr. v. Castaneda*, 574 F.3d 652, 667 (9th Cir. 2009);

*Earth Island Inst. v. United States Forest Serv.*, 351 F.3d 1291, 1301 (9th Cir. 2003).

### B.   Supplementation of the Administrative Record

Extra-record evidence may be reviewed when agency action is not adequately explained in the record before the court. *See Cty. of Suffolk v. Sec'y of Interior,* 562 F.2d 1368, 1384 (2d Cir. 1977) ("in NEPA cases…a primary function of the court is to insure that the information available to the decision-maker includes an adequate discussion of environmental effects and alternatives, which can sometimes be determined only by looking outside the administrative record to see what the agency may have ignored"); *Medina Cnty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (supplementation is permissible where the court needs further information "to determine whether the agency considered all of the relevant factors*"); Coliseum Square Ass'n v. Jackson*, 465 F.3d 215, 247 (5th Cir. 2006) ("[e]xtra-record evidence may be admitted if necessary to determine whether an agency has adequately considered adverse environmental impacts"). In NEPA cases, "courts routinely look outside the record" to determine whether the agency has ignored facts necessary to its consideration of environmental impacts and alternatives. *See City of Dall. v. Hall*, 2007 U.S. Dist. LEXIS 82080 at *18 (N.D. Tex. Oct. 29, 2007).

### C.   Judicial Notice

Where a plaintiff's claim is based on a failure to supplement an EIS pursuant to Section 706(1) of the APA, "review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record." *See Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000). Federal Rule of Evidence 201 permits a court to take judicial notice of documents not subject to reasonable dispute and which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Documents which may be considered for judicial notice

include legislative history documents, federal register documents, and other government

documents, including reports of government bodies and records found on government websites.

*See* 44 U.S.C. § 1507; *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1001 (9th Cir. 2018)

(records of administrative bodies); *Longo v. Seminole Indian Casino-Immokalee*, 813 F.3d 1348,

1349 n.2 (11th Cir. 2016) (Federal Register contents); *FAS Capital, LLC v. Carr*, 7 F. Supp. 3d

1259, 1266 (N.D. Ga. 2014) (government website documents); *Experian Info. Sols., Inc. v.

Lifelock, Inc.,* 633 F. Supp. 2d 1104, 1107 (C.D. Cal. 2009) (legislative documents). Judicial

notice also is appropriate for scientific facts, historic facts, news articles, and scientific literature.

*See Absolute Activist Value Master Fund v. Devine*, 233 F. Supp. 3d 1297, 1316-1317 (M.D. Fla.

2017); *Benak v. Alliance Capital Mgmt.*, 349 F.Supp.2d 882, 889 n.8 (D.N.J. 2004).

## V.    ARGUMENT

### A.    The Administrative Record Should Be Completed With Documents Directly or Indirectly Considered

All of the following documents, materials, and websites are identified in the FEIS, and as

such, they should be included in the administrative record[3]. *See Oceana, Inc*., 290 F. Supp. 3d at

81. Plaintiffs allege the administrative record is incomplete because the record does not contain

these materials, which TXDOT directly or indirectly considered in making its decision to adopt

the FEIS/ROD. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d

at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

Completion is appropriate because the materials are necessary to allow the Court to thoroughly

review Defendant's conclusions regarding impacts to air quality, consideration of reasonable

alternatives, and EJ impacts. *See id.*

---

[3] Plaintiffs are not in possession of all of the documents, but where available, they are attached as an Exhibit to the Doughty Declaration.

In the alternative, if the Court does not grant Plaintiffs' request to complete the record, Plaintiffs request judicial notice of the documents that are public records. *See* Fed. R. Evid. 201(b). In this regard, the declaration of Rachel Doughty identifies the source of these documents.

1.    **Capital Area Metropolitan Planning Organization. 2020. CAMPO Baseline 2045 Demographic Forecast.**

In the FEIS, BLM identifies this document as providing information regarding population and employment forecasts, which in turn are directly relevant to examining the Project need and its impact. AR33664-33665. The document also is identified in the FEIS reference list, with a nonfunctioning website link. AR34147. As it was considered by TXDOT, the document should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

2.    **Council of Environmental Quality. 1997. Environmental Justice: Guidance Under the National Environmental Policy Act. (Doughty Decl., Exh. C)**

TXDOT referred to this document and its guidance when addressing EJ issues. AR33852, 34148. As it was considered by TXDOT, the document should be part of the administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

3.    **City of Austin. 2018. Imagine Austin Comprehensive Plan. (Doughty Decl., Exh. D)**

TXDOT considered this document to determine whether Project alternatives aligned with the Imagine Austin Comprehensive Plan. AR33697, 33708, 33736, 33997, 34031, 34042, 34073. The document also is included in the FEIS reference list. AR34148. As it was considered by TXDOT, the document should be part of the whole administrative record. *See Exxon Corp*, 91

F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

### 4.      City of Austin. 2018. Resolution to Adopt Right to Stay and Right to Return Programs for East Austin. (Doughty Decl., Exh. E)

TXDOT refers to this resolution when discussing impacts to EJ populations, and the document is contained in the FEIS reference list. AR34072, AR34148. As it was considered by TXDOT, the document should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

### 5.      City of Austin. 2021. Non-Hispanic Black Geographic Distribution by Census Tract & City of Austin; City of Austin. 2021. Hispanic/Latino Geographic Distribution by Census Tract. (Doughty Decl., Exh. F)

These documents are identified in the FEIS reference list. AR34149. The information in these documents appears to be considered by TXDOT when addressing EJ issues and population in downtown Austin. AR33645-AR33646. As it was considered by TXDOT, the document should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

### 6.      City of Austin. n.d. Nothing About Us Without Us. (Cited at AR34149). (Doughty Decl., Exh. G)

TXDOT refers to this document as a racial equity anti-displacement tool, and the document is identified in the FEIS reference list. AR34042, 34150. As it was considered by TXDOT, the document should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301. A copy of this document is attached as Exh. G to the Doughty Decl.

    7.        **EPA. 2022. Global Greenhouse Gas Emissions Data; EPA. 2022. Climate Change Indicators: Greenhouse Gases; EPA 2022. National Air Toxins Assessment**

These documents are contained in the FEIS reference list and pertain to TXDOT's analysis of air quality impacts. AR33972, 34150. As it was considered by TXDOT, the documents should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

    8.        **Executive Order 13985 (January 20, 2021). (Doughty Decl., Exh. H)**

TXDOT refers to this Executive Order, which focuses on racial equity, and identifies it in the FEIS reference list. AR33871. As it was considered by TXDOT, the document should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

    9.        **Tang, E. & Ren, C. 2014. Outlier: The Case of Austin's Declining African-American Population. The Institute for Urban Policy Research & Analysis. University of Texas at Austin. (Doughty Decl., Exh. I)**

TXDOT considered this article when analyzing population trends for African Americans in Austin, and the document also is contained in the FEIS reference list. AR34029, 34152. The article states that Austin's African American population has been declining as a result of persistent structural inequities in city policy. As it was considered by TXDOT, the document should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

10.     **Texas Commission on Environmental Quality. 2015. MOVES2014 On-road Trend Emissions Inventories for 1990 to 2050.**

TXDOT relied upon MOVES2014 for analysis of air quality impacts. AR33970, 33971, 33973, 33974, 33975, 34095, 34152. As it was considered by TXDOT, the document should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

11.     **Texas Department of Transportation. 2011. I-35 Advisory Committee Plan. August 2011. (Doughty Decl., Exh. J)**

In addressing alternatives to the Project, TXDOT referred to this document, and it also is identified in the FEIS reference list. AR33668, 34153. As it was considered by TXDOT, the document should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

12.     **Texas Department of Transportation. 2014. I-35 Future Transportation Corridor Planning and Environmental Linkages Study. TxDOT Austin District. (Doughty Decl., Exh. K)**

TXDOT referred to this document in addressing alternative to the Project, as well as the purpose and need for the Project; the document also is identified in the FEIS reference list. AR33609, 33669-33671, 34153. As it was considered by TXDOT, the document should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

13.     **Texas Department of Transportation. 2018. Technical Report. Statewide On-Road Greenhouse Gas Emissions Analysis and Climate Change Assessment. (Doughty Decl., Exh. L)**

TXDOT considered this document for its analysis of greenhouse gas emissions; the document also is identified in the FEIS reference list. AR33635, 34091, 34153. As it was considered by TXDOT, the document should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

14.     **Texas Department of Transportation. Air Quality Toolkit. (Doughty Decl., Exh. M – Running Emission Rates Table, Exh. N – Idling Emission Rates Table, Exh. O – CO TAQA Rates Lookup Table )**

Emission rates used by TXDOT for its analysis of potential air quality impacts were derived from the Toolkit's tables. AR33974, 34154. As these tables were considered by TXDOT, the tables should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

15.     **Tretter, E. 2012. Austin Restricted: Progressivism, Zoning, Private Racial Covenants, and the Making of a Segregated City. The University of Texas at Austin, University of Texas Libraries. (Doughty Decl., Exh. P)**

TXDOT identifies this document in the FEIS reference list, and it is relevant to understanding the EJ issues associated with this Project. AR34155. As such, it should be included in the whole administrative record. *See Oceana, Inc.*, 290 F. Supp. 3d at 81.

16.     **USDOT. 2015. Environmental Justice Reference Guide 2015. October 19, 2021. (Doughty Decl., Exh. Q)**

TXDOT identifies this document in the FEIS reference list, and it is relevant to understanding the EJ issues associated with this Project. AR34155. As such, it should be included in the whole administrative record. *See Oceana, Inc.*, 290 F. Supp. 3d at 81.

17. **University of Texas at Austin. 2018. Uprooted: Residential Displacement in Austin's Gentrifying Neighborhoods and What Can Be Done About It. (Doughty Decl., Exh. R)**

TXDOT refers to this document in analyzing housing affordability and gentrification; the FEIS reference list also identifies the document. AR34033-34040, 34156. As it was considered by TXDOT, the document should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301. Urban Land Institute. 2020.

18. **The I-35 Corridor Austin, Texas: A ULI Advisory Services Panel Report. (Doughty Decl., Exh. S)**

TXDOT references this document when discussing Project alternatives; the document is identified in the FEIS reference list. AR34072, 34156. TXDOT's consultant also relied upon this document when examining Project alternatives. AR51953. As it was considered by TXDOT, the document should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

19. **Zehr, D. 2015. Inheriting Inequality. Austin American Statesman.**

This document consists of a three-part series written by Zehr. TXDOT references it in addressing EJ issues; it also is identified in the FEIS reference list. AR34032, 34157. As it was considered by TXDOT, the document should be part of the whole administrative record. *See Exxon Corp*, 91 F.R.D. at 33; *La Union Del Pueblo Entero*, 141 F. Supp. 3d at 694; *Ecology Ctr.*, 574 F.3d at 667 (9th Cir. 2009); *Earth Island Inst.*, 351 F.3d at 1301.

20. **CapEx. "VOICES Presentation." July 6, 2021; Reconnect Austin and Black and Vernooy Architecture and Design. "Reconnect Austin: Reimagining I-35." November 2020; Rethink35. Website. https://www.rethink35.com/;**

> **Downtown Austin Alliance. A New Future for I-35: A Community Project for Enhancing the Public Realm. Opportunities and Constrains Report, September 2020;**
>
> **City of Dallas. Operations and Maintenance Agreement. Woodall Rodgers Deck Plaza Facility. CSJ: 0196-07-027; 0196-07-029. July 2009;**
>
> **Tim Lomax, Phil Lasley, David Ellis, Bill Stockton, et al. Mobility Investment Priorities Project. Texas A&M Transportation Institute, October 2013 (Doughty Decl. Exh. T);**
>
> **Texas Department of Transportation. Unified Transportation Program;**
>
> **Texas Department of Transportation. "Deck Parks in Dallas: A Look at Funding." PowerPoint presentation, April 1, 2021.**

In analyzing alternatives to the Project, TXDOT relied upon an evaluation completed by its consultant, Texas A&M Transportation Institute. FEIS, App. T. That evaluation identifies each of these documents as references. AR51953. Where a consultant relies upon documents, the administrative record should contain those documents. *See Ctr. for Native Ecosystems*, 711 F. Supp. 2d at 1276; *Amfac Resorts, LLC*, 143 F. Supp. 2d at 12.

### B.   The Administrative Record Should Be Supplemented With Extra-Record Evidence

In NEPA cases, the administrative record can be supplemented with extra-record evidence to determine whether an agency has considered all relevant factors in its analysis. *See Cty. Of Suffolk*, 562 F.2d at 1384; *Medina Cnty. Envtl. Action Ass'n*, 602 F.3d at 706; *Coliseum Square*, 465 F.3d at 247 (5th Cir. 2006); *City of Dall*, 2007 U.S. Dist. LEXIS at *18. Also, where a plaintiff's claim is based on a failure to supplement an EIS pursuant to Section 706(1) of the APA, extra-record evidence may be considered. *See Friends of the Clearwater*, 222 F.3d at 560.

In lieu of supplementation of the record, extra-record evidence also may be considered pursuant to Federal Rule of Evidence 201, which permits a court to take judicial notice of documents not subject to reasonable dispute and which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

201(b). In this regard, the declaration of Rachel Doughty identifies the source of these

documents. Defendant TXDOT does not object to judicial notice of documents #1 and #4 below.

Doughty Decl., Exh. B.

### 1.    Austin, Tex. Amendment #2 to Final Project Plan and Reinvestment Zone Financing Plan. (Doughty Decl. Exh. T)

In addressing water-related impacts of the Project and associated disparate impacts on

minority and low-income populations, Plaintiffs state in their FAC:

> In March 2023, after the Draft EIS for the Project was released and after the February 9, 2023, public hearing for the Project, TxDOT modified the Project to alter the location of the proposed stormwater outflow. … Through the Project, stormwater will now be conveyed to a newly constructed stormwater outfall location on the Colorado River via a tunnel system running from I-35 underneath E. Cesar Chavez Street. … [The new tunnel] coincides with years of improvements to Waller Creek that have benefited downtown property owners, raising land values to the range of over $8 million per acre.

ECF 32, ¶¶113-115, n.23. The Amendment #2 document provides information on the size and

value of the Waller Creek area – factors that TXDOT should have considered. *See Cty. Of*

*Suffolk,* 562 F.2d at 1384; *Medina Cnty. Envtl. Action Ass'n*, 602 F.3d at 706; *Coliseum Square*,

465 F.3d at 247 (5th Cir. 2006); *City of Dall*, 2007 U.S. Dist. LEXIS  at *18.

### 2.    U.S. EPA, EPA to Reexamine Health Standards for Harmful Soot that Previous Administration Left Unchanged (June 10, 2021). (Doughty Decl. Exh. V)

This document is identified in Plaintiff's FAC, demonstrating that the EPA announced in

2021 that it would be reconsidering the PM NAAQS. ECF 32, p. 21, n.17. The text notes:

> The strong body of scientific evidence shows that long- and short-term exposures to fine particles (PM2.5) can harm people's health, leading to heart attacks, asthma attacks, and premature death. Large segments of the U.S. population, including children, people with heart or lung conditions, and people of color, are at risk of health effects from PM2.5. In addition, a number of recent studies have examined relationships between COVID and air pollutants, including PM, and potential health implications. While some PM is emitted directly from sources such as construction sites, unpaved roads, fields, smokestacks or fires, most particles form in the atmosphere as a result of complex reactions of chemicals such as sulfur dioxide and

nitrogen oxides, which are pollutants emitted from power plants, industrial facilities and vehicles.

Based on this, the EPA was considering lowering the annual standard for the PM NAAQS to below the then-current level of 12 micrograms per cubic meter. The document demonstrates that prior to adopting the FEIS/ROD for the Project, the TXDOT should have been aware that the EPA was proposing to strengthen the NAAQS; however, TXDOT ignored this fact in its analysis of the Project. *See Cty. Of Suffolk,* 562 F.2d at 1384; *Medina Cnty. Envtl. Action Ass'n*, 602 F.3d at 706; *Coliseum Square*, 465 F.3d at 247 (5th Cir. 2006); *City of Dall*, 2007 U.S. Dist. LEXIS at \*18.

3.      **U.S. EPA, EPA Proposes to Strengthen Air Quality Standards to Protect the Public from Harmful Effects of Soot (January 6, 2023). (Doughty Decl. Exh. W)**

This document is identified in Plaintiff's FAC, demonstrating that prior to adopting the FEIS/ROD for the at-issue Project, the TxDOT should have been aware that the EPA was proposing to strengthen the primary NAAQS from a level of 12 micrograms per cubic meter to a level between 9 and 10 micrograms per cubic meter. In order to look at what factors TXDOT did not consider in its analysis, this document should be considered. *See Cty. Of Suffolk,* 562 F.2d at 1384; *Medina Cnty. Envtl. Action Ass'n*, 602 F.3d at 706; *Coliseum Square*, 465 F.3d at 247 (5th Cir. 2006); *City of Dall*, 2007 U.S. Dist. LEXIS  at \*18.

4.      **U.S. EPA, Supplement to the 2019 Integrated Science Assessment for Particulate Matter (May 2022). (Doughty Decl. Exh. X)**

This document was created by the EPA as part of the process for reconsidering the PM NAAQS. Through this document, EPA presents an evaluation of recent studies addressing the relationship between PM exposure and health impacts. These recent studies "report positive associations at lower PM2.5 concentrations" than previously described. The administrative record should be supplemented with this document as it addresses factors that TXDOT failed to

consider prior to adopting the Project. *See Cty. Of Suffolk,* 562 F.2d at 1384; *Medina Cnty. Envtl. Action Ass'n*, 602 F.3d at 706; *Coliseum Square*, 465 F.3d at 247 (5th Cir. 2006); *City of Dall*, 2007 U.S. Dist. LEXIS  at *18.

     **5.**     **U.S. Fish & Wildlife Services, Interactive Map (showing habitat of the Texas fatmucket) (Doughty Decl. Exh. Y)**

The Colorado River is a habitat for the Texas fatmucket, which is listed as a threatened species on the USFWS IPaC Official Species List. ECF 32, ¶121. This document is identified in Plaintiffs' FAC to show that the Project is designed to allow stormwater pollutants to drain into fatmucket habitat, and that TXDOT's conclusions regarding critical habitat are based on outdated data. *Id.*, ¶¶121-122, n.28. As such, the administrative record should be supplemented. *See Cty. Of Suffolk,* 562 F.2d at 1384; *Medina Cnty. Envtl. Action Ass'n*, 602 F.3d at 706; *Coliseum Square*, 465 F.3d at 247 (5th Cir. 2006); *City of Dall*, 2007 U.S. Dist. LEXIS  at *18.

     **6.**     **US EPA, Final Guidance for Consideration of Environmental Justice in Clean Air Act 309 Reviews (Jul. 1999). (Doughty Decl. Exh. Z)**

This document is cited in Plaintiffs' FAC to demonstrate what factors TXDOT should have considered when addressing EJ impacts of the Project. ECF 32, ¶64 n.10. As such, the administrative record should be supplemented. *See Cty. Of Suffolk,* 562 F.2d at 1384; *Medina Cnty. Envtl. Action Ass'n*, 602 F.3d at 706; *Coliseum Square*, 465 F.3d at 247 (5th Cir. 2006); *City of Dall*, 2007 U.S. Dist. LEXIS  at *18.

     **7.**     **City of Austin Comments on 1-35 Capital Express Central (Dec. 29, 2020). (Doughty Decl. Exh. AA)**

This document is cited in Plaintiffs' FAC to address the treatment of communities of color as regards expansion of I-35.  ECF 32, ¶68 n.11. As such, the administrative record should be supplemented. *See Cty. Of Suffolk,* 562 F.2d at 1384; *Medina Cnty. Envtl. Action Ass'n*, 602 F.3d at 706; *Coliseum Square*, 465 F.3d at 247 (5th Cir. 2006); *City of Dall*, 2007 U.S. Dist.

LEXIS at *18. In the alternative, Plaintiffs ask that this Court grant judicial notice of the document, which is an official government document whose accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201(b).

       **8.**      **Austin, Tex. Resolution 202310-045 (October 19, 2023). (Doughty Decl. Exh. BB)**

Plaintiffs' FAC notes that the City of Austin adopted this resolution in opposition to the Project until such time as government agencies can further address mobile emissions and greenhouse gas emissions. ECF 32, ¶75 n.15, 109 n.22. It establishes the factors that TXDOT failed to include in its FEIS, and as such, the administrative record should be supplemented. *See Cty. Of Suffolk*, 562 F.2d at 1384; *Medina Cnty. Envtl. Action Ass'n,* 602 F.3d at 706; *Coliseum Square*, 465 F.3d at 247 (5th Cir. 2006); *City of Dall*, 2007 U.S. Dist. LEXIS at *18. In the alternative, Plaintiffs ask that this Court grant judicial notice of the document, which is an official government document whose accuracy cannot be reasonably questioned.

       **9.**      **City of Austin Environmental Commission. Austin and the EPA's PM2.5 NAAQS (June 7, 2023). (Doughty Decl. Exh. CC)**

This document is identified in Plaintiffs' FAC to show that the EPA's proposed change to the PM2.5 NAAQS was known to Defendants prior to issuing the FEIS/ROD. ECF 32, ¶79 n.18. It establishes the factors that TXDOT failed to include in its FEIS, and as such, the administrative record should be supplemented. *See Cty. Of Suffolk,* 562 F.2d at 1384; *Medina Cnty. Envtl. Action Ass'n*, 602 F.3d at 706; *Coliseum Square*, 465 F.3d at 247 (5th Cir. 2006); *City of Dall*, 2007 U.S. Dist. LEXIS at *18. In the alternative, Plaintiffs ask that this Court grant judicial notice of the document, which is an official government document whose accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201(b).

      **10.**    **Travis County, Commissioners Court-Approved Letter to Texas Department of Transportation (February 28, 2023; Sept. 26, 2023). (Doughty Decl. Exh. DD)**

Plaintiffs' FAC identifies this document as evidence that TXDOT did not address in the FEIS/ROD comments regarding the project from Travis County officials. ECF 32, ¶109 n.22. These comments found TXDOT's analysis deficient as regard water-related impacts, EJ impacts, air quality impacts, and more. as such, the administrative record should be supplemented. *See Cty. Of Suffolk,* 562 F.2d at 1384; *Medina Cnty. Envtl. Action Ass'n*, 602 F.3d at 706; *Coliseum Square*, 465 F.3d at 247 (5th Cir. 2006); *City of Dall*, 2007 U.S. Dist. LEXIS at *18.

      **11.**    **Austin City Council Members Zo Qadri, Chilo Vela and Ryan Alter. Joint Statement on 1-35 Update (July 31, 2023). (Doughty Decl. Exh. EE)**

Plaintiffs' FAC refers to this document, which demonstrates that Austin City Council members commented the Project's air quality analysis should be "based on projected non-attainment status for particulate matter, and commit to mitigation that includes treating emissions via caps." ECF 32, ¶94 n.21. As it demonstrates factors not considered by TXDOT, the administrative record should be supplemented with this document. *See Cty. Of Suffolk,* 562 F.2d at 1384; *Medina Cnty. Envtl. Action Ass'n*, 602 F.3d at 706; *Coliseum Square*, 465 F.3d at 247 (5th Cir. 2006); *City of Dall*, 2007 U.S. Dist. LEXIS  at *18.

      **12.**    **88 FR 5558 (January 23, 2023). (Doughty Decl. Exh. FF)**

This document contains the EPA's proposed rule for reconsideration of the NAAQS for particulate matter. It is cited in Plaintiffs' FAC to demonstrate the information available to TXDOT regarding potential environmental impacts of the Project to air quality – information that Defendants did not address in the FEIS/ROD. As such, the administrative record should be supplemented with this document. *See Cty. Of Suffolk,* 562 F.2d at 1384; *Medina Cnty. Envtl.*

*Action Ass'n*, 602 F.3d at 706; *Coliseum Square*, 465 F.3d at 247 (5th Cir. 2006); *City of Dall*, 2007 U.S. Dist. LEXIS  at *18.

**13.      89 FR 16202 (March 6, 2024). (Doughty Decl. Exh. GG)**

This document contains the EPA's final rule for reconsideration of the NAAQS for particulate matter. It is cited in Plaintiffs' FAC to demonstrate the information available to TXDOT regarding potential environmental impacts of the Project to air quality – information that Defendants did not address in the FEIS/ROD. It is directly relevant to establishing new information or circumstances warrant a supplemental EIS. 40 C.F.R. § 1502.9(d). Because this claim is based on APA § 706(1), the administrative record should be supplemented with this document. *See Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000); *see also S.F. Baykeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir. 2002); *Bundorf v. Jewell*, 142 F. Supp. 3d 1138, 1144 (D. Nev. 2015).

**14.      Title VI Complaint in People Organized in Defense of Earth and Her Resources et al. v. TXDOT et al. (Doughty Decl. Exh II)**

This complaint addresses the same I-35 project as the current action; the majority of the plaintiffs in this action also are complainants in the Title VI complaint. The Title VI complaint also challenges the FEIS/ROD, arguing that TXDOT engaged in intentional discrimination with the adopted project. As it demonstrates factors not considered by TXDOT, the administrative record should be supplemented with this document. *See Cty. Of Suffolk,* 562 F.2d at 1384; *Medina Cnty. Envtl. Action Ass'n*, 602 F.3d at 706; *Coliseum Square*, 465 F.3d at 247 (5th Cir. 2006); *City of Dall*, 2007 U.S. Dist. LEXIS  at *18.

**C.      CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully ask that the Court grant Plaintiffs' motion.

20

DATED: October 10, 2024                    Respectfully Submitted,

                                           */s/ Rachel S. Doughty*
                                           Rachel S. Doughty
                                           GREENFIRE LAW, PC

                                           */s/ Robert Levinski*
                                           Robert J. Levinski
                                           SAVE OUR SPRINGS ALLIANCE

                                           */s/ Victoria Rose*
                                           Victoria Rose
                                           SAVE OUR SPRINGS ALLIANCE

                                           */s/ William Bunch*
                                           William G. Bunch
                                           SAVE OUR SPRINGS ALLIANCE