IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RETHINK35, et al. | § | |
| | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:24-CV-00092-DII |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION, | § | |
| | § | |
|     *Defendant.* | § | |

### RESPONSE TO MOTION TO COMPLETE AND SUPPLEMENT THE ADMINISTRATIVE RECORD AND, IN THE ALTERNATIVE, REQUEST FOR JUDICIAL NOTICE

To avoid burdening the Court with trivial disputes and, hopefully, bring to a final close the assembly of the record in this litigation, defendant Texas Department of Transportation (TxDOT) has reconsidered its opposition to Plaintiffs' Motion to Complete and Supplement the Administrative Record and, in the Alternative, Request for Judicial Notice. Contemporaneous with this response, TxDOT has filed a Second Supplement to the Administrative Record comprising the documents requested in Plaintiffs' motion, subject only to two minor exceptions. In light of that voluntary further supplementation of the record to include all documents requested by Plaintiffs that TxDOT considered directly or indirectly in reaching the challenged decisions, Plaintiffs' motion should be denied or dismissed as moot.

### BACKGROUND

TxDOT filed its administrative record on June 11, 2024. Dkt. 28. Plaintiffs requested additional documents on June 28, 2024. Ex. A. On September 4, 2024, in

response to the June 28, 2024 request, TxDOT voluntarily filed a Supplement to the Administrative Record, which included the March 2023 TxDOT Environmental Guide: Volume 2 Activity Instructions, along with a list identifying and specifying the locations of other requested materials that were already included in TxDOT's administrative record. Dkt. No. 38. While TxDOT was preparing that voluntary supplement, Plaintiffs made a further request for additional documents on September 3, 2024. Ex. B.[1] Most recently, on October 10, 2024, Plaintiffs filed a Motion to Complete and Supplement the Administrative Record, and, in the Alternative, Request for Judicial Notice and brief in support, requesting the inclusion of 35 documents, some of which had been included in the June 28, 2024 request, and some of which were new. *See* Dkt. Nos. 43 (Motion); 43-1 (Brief); 43-2 through 50-3 (Doughty declaration and exhibits thereto).[2]

In response to both Plaintiffs' September 3 requests and to the Motion, TxDOT today filed its Second Supplement to the Administrative Record (Second Supplement). Dkt. No. 52. The documents Plaintiffs sought, and which TxDOT has voluntarily agreed to include in order to resolve the parties' dispute about the proper scope of the administrative record in this matter, include both documents directly or

---

[1] TxDOT sent via Federal Express overnight delivery the flash drives containing the first voluntary record supplement on September 3, 2024, for delivery on September 4, 2024. Those drives had already been prepared when Plaintiffs' second request for supplementation was received via e-mail, thus, the second request for supplementation was not part of the voluntary supplement filed on September 4, 2024.

[2] Plaintiffs' motion grouses that, in response to their requests, TxDOT provided only one supplemental document. Mot. 1. While technically true, the implication that TxDOT refused to cooperate is misleading. As TxDOT's first Supplement filing explained, nearly 10,000 pages of material Plaintiffs had requested on June 28—specifically, the "comment letters and emails and related attachments received during the Project's environmental review process"— had *already* been included in the administrative record as originally filed, meaning no supplementation was necessary. Dkt. No. 38. TxDOT additionally provided Plaintiffs with record page numbers for all those comment letters, emails, and related attachments. *Id.*

indirectly considered by the agency *and* extra-record evidence as requested by Plaintiffs. While acceding to Plaintiffs' request for inclusion of these documents as a matter of courtesy, TxDOT does not concede their substantive relevance to any point in dispute, nor the propriety of including materials not considered by the agency in the administrative record as a general matter.

While including every substantive document whose inclusion is requested in Plaintiffs' motion, TxDOT's voluntary Second Supplement to the Administrative Record categorically omits emails between counsel exchanged in this litigation regarding the documents to be included in the administrative record. *See* Doughty Decl. Exs. A, B, HH. Such emails are by definition irrelevant to the agency's decisionmaking process and do not relate to any substantive claim made in Plaintiffs' operative pleading. As such, they have no place in the administrative record on which the Court will address the merits of Plaintiffs' claims.

In addition, TxDOT's voluntary Second Supplement omits one document requested by Plaintiffs on September 3, 2024 but not included in their Motion—a third-party presentation on native freshwater mussel distribution in tributaries of the Colorado River downstream of Longhorn Dam. *See* Ex. B (item 7). TxDOT has performed a diligent search of its records, as well as reviewing the information provided by Plaintiffs, and it cannot locate a copy of the document. The presentation, in any event, was not a document considered directly or indirectly by TxDOT in developing the environmental impact statement (EIS) challenged in this suit.

## APPLICABLE LAW

The Administrative Procedure Act (APA) provides for judicial review of final agency action, including issuance of an EIS under NEPA, and of agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. §§704, 706. Courts conduct such reviews on the administrative record already in existence, as it was before the agency. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973). "[T]he reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). The administrative agency's record enjoys a rebuttable presumption of regularity. *See id*; *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971).

## ARGUMENT

TxDOT has voluntarily supplemented the administrative record to include all documents in its possession requested by Plaintiffs—whether in the September 3 requests or in the Motion—that could reasonably be included within that record. The only documents identified in the Motion that TxDOT has not now designated as part of the administrative record via the voluntary Second Supplement are emails exchanged among counsel regarding the supplementation and related motion practice in this Court; such emails are not in any conceivable way appropriate for inclusion within the administrative record that was before the agency when it made the challenged decisions. Indeed, Plaintiffs appear to agree—their brief in support of the Motion makes no argument why the cited emails meet the relevant legal standard for inclusion or how they could possibly do so. *See* Dkt. No. 43-1 at 7–20 (omitting any

argument on Doughty Decl. Exs. A, B and HH). Given TxDOT's comprehensive voluntary supplementation of the administrative record, Plaintiffs' motion should be denied or dismissed as moot.

## CONCLUSION

Because TxDOT has voluntarily supplemented its administrative record with all documents sought by Plaintiffs that can be reasonably included in TxDOT's administrative record, the Court should deny or dismiss Plaintiffs' motion as moot.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation
NANETTE M. DINUNZIO
Chief, Transportation Division

/s/ Lisa McClain Mitchell
LISA MCCLAIN MITCHELL
Texas Bar No. 90001724
MATT GAMBOA-LUTZ
Texas Bar No. 24136835
Admitted Pro Hac Vice
AIDAN READ
Texas Bar No. 24138747
Admitted Pro Hac Vice
Assistant Attorneys General
Transportation Division
P.O. Box 12548
Austin, Texas 78711-2548

Telephone: (512) 936-1431
Facsimile: (512) 936-0888
Email: lisa.mitchell@oag.texas.gov
Email: matt.gamboa-lutz@oag.texas.gov
Email: aidan.read@oag.texas.gov

RYAN P. BATES
Texas Bar No. 24055152
Bates PLLC
919 Congress Avenue, Suite 1305
Austin, Texas 78701
Telephone: (512) 694-5268
Email: rbates@batespllc.com

Attorneys for Defendant,
Texas Department of Transportation

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2024, I electronically filed the foregoing Defendant's Response to Plaintiffs' Motion to Complete and Supplement the Administrative Record and, in the Alternative, Request for Judicial Notice with the Clerk of the Court using the CM/ECF system, which will send notification to registered users.

/s/ Lisa McClain Mitchell
LISA MCCLAIN MITCHELL
Assistant Attorney General