IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RETHINK35, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:24-CV-92-RP |
| TEXAS DEPARTMENT OF TRANSPORTATION, | § § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiffs' Motion to Supplement the Administrative Record and, in the alternative, Request for Judicial Notice. (Dkt. 43). In their Motion, Plaintiffs identify 20 documents that were "directly or indirectly considered" and 14 pieces of "extra-record evidence," which they ask this Court to order added to the administrative record or, alternatively, of which to take judicial notice. (*Id.*). In response, Defendant Texas Department of Transportation ("TxDOT") says that it has "reconsidered its opposition" to Plaintiffs' motion and instead "filed a Second Supplement to the Administrative Record comprising the documents requested in Plaintiffs' motion, subject to only two minor exceptions." (Dkt. 54, at 1). More specifically, TxDOT "voluntarily agreed to include" the documents Plaintiffs sought included in their motion, (*id.* at 2), with two exceptions: (1) "emails between counsel exchanged in this litigation regarding documents to be included in the administrative record" and (2) "a third party presentation on native freshwater mussel distribution in tributaries of the Colorado River downstream of Longhorn Dam." (*Id.* at 3). In their Reply, Plaintiffs highlight eleven documents "identified in the Motion," but not included in TxDOT's Second Supplement and ask this Court to order the documents added to the administrative record. (Dkt. 43, at 4). Plaintiffs, in their reply, agree that litigation-related emails need not be made part of the administrative record. (*Id.*).

1

Based on TxDOT's brief, the Court understands TxDOT not to oppose the inclusion of the eleven documents referenced in Plaintiffs' Motion because TxDOT indicated it had sought to include these documents, with two exceptions, in its Supplement, and because it did not submit any opposition to their inclusion in the record. Moreover, the Local Rules empower the Court to grant motions as unopposed when no response is filed, so the Court may grant Plaintiffs' motion as unopposed considering the lack of opposition indicated in TxDOT's briefing. *See* W.D. Tex. Loc. R. CV-7(d).

As a result, **IT IS ORDERED** that the parties supplement the administrative record with the following eleven documents referenced in Plaintiffs' motion on or before **January 13, 2025**. Should neither party have possession of the documents nor be able to locate them after a diligent search by that date, **IT IS FURTHER ORDERED** that the parties meet and confer and submit their respective positions as to how to proceed with completing the administrative record by **January 13, 2025.**

1. Capital Area Metropolitan Planning Organization. 2020. CAMPO Baseline 2045 Demographic Forecast.
2. EPA. 2022. Global Greenhouse Gas Emissions Data; EPA. 2022. Climate Change Indicators: Greenhouse Gases; EPA 2022. National Air Toxins Assessment.
3. Texas Commission on Environmental Quality. 2015. MOVES2014 On-road Trend Emissions Inventories for 1990 to 2050.
4. Zehr, D. 2015. Inheriting Inequality. Austin American Statesman.
5. CapEx. "VOICES Presentation." July 6, 2021.
6. Reconnect Austin and Black and Vernooy Architecture and Design. "Reconnect Austin: Reimagining I-35." November 2020.
7. Rethink35 Website.

8. Downtown Austin Alliance. A New Future for I-35: A Community Project for Enhancing the Public Realm. Opportunities and Constrains Report, September 2020.

9. City of Dallas. Operations and Maintenance Agreement. Woodall Rodgers Deck Plaza Facility. CSJ: 0196-07-027; 0196-07-029. July 2009.

10. Texas Department of Transportation. Unified Transportation Program.

11. Texas Department of Transportation. "Deck Parks in Dallas: A Look at Funding." PowerPoint presentation, April 1, 2021.

**IT IS FINALLY ORDERED** that the Court having ruled on the Plaintiffs' Motion, the parties now confer and jointly propose dispositive motions deadlines within 14 days of this Order as set forth in the Agreed Scheduling Order. (Dkt. 42, at 3).

**SIGNED** on December 20, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE