IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RETHINK35, et al. | § | |
| | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:24-CV-00092-DII |
| | § | |
| TEXAS DEPARTMENT OF TRANSPORTATION, | § | |
| | § | |
|     *Defendant.* | § | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
PROCEED ON THE ADMINISTRATIVE RECORD**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

Defendant Texas Department of Transportation (TxDOT) offers this reply in support of its motion to proceed on the administrative record prepared and filed in this litigation. Dkt. No. 62.

## I. INTRODUCTION

Unsatisfied by the 57,000+-page record prepared—and already twice supplemented, at Plaintiffs' request—by TxDOT, Plaintiffs now want inclusion of additional, wholly extra-record materials—namely, a purported expert report that Plaintiffs intend to use to challenge TxDOT's merits judgments and conclusions. This is precisely why TxDOT moved to proceed on the administrative record: to ensure that the Court's review of the agency decisions (i) to issue the final environmental impact statement (FEIS) for the I-35 Capitol Express Central project (Project) and, (ii) to decline to prepare a supplemental environmental impact statement (SEIS) for the Project in response to the issuance of a rule announcing new $PM_{2.5}$ standards, is

undertaken on the records that were actually before the agency when making those decisions, not based on a record assembled de novo by Plaintiffs.

Plaintiffs are wrong that consideration of their proposed expert's report is necessary, appropriate, or legally permissible in any way as the Court decides their Count I claim, which challenges the issuance of the FEIS pursuant to 5 U.S.C. § 706(2). Plaintiffs fail to make any showing that the Fifth Circuit's narrowly delimited criteria for supplementing an administrative record with extra-record materials have been met. And because the sufficiency of the FEIS with respect to air quality concerns is settled as a matter of law by the Project area's attainment of Clean Air Act (CAA) standards, there is no possible justification (or need) for the Court to delve into the topics Plaintiffs' purported expert proposes to address.

Plaintiffs are equally wrong that their proposed expert report could potentially be admitted for purposes of the Court's consideration of their Count II claim, which, as pleaded, challenged TxDOT's failure to supplement the FEIS pursuant to 5 U.S.C. § 706(1). According to Plaintiffs, that statutory distinction makes all the difference. Not so. Because TxDOT has now taken, and documented in the record, the very action Plaintiffs complain had been allegedly unlawfully withheld, that claim is subject to the same stringent record rule as Count I. Indeed, as the authorities cited in TxDOT's motion confirm, that claim, for all intents and purposes, properly proceeds as one under § 706(2) from here on out. Thus, the report would not be properly included within the scope of the Court's review as to Count II, even if it were otherwise

admissible (which TxDOT does not concede and is not properly at issue here).[1] In contrast, TxDOT's findings examining the potential necessity of an SEIS and determining that the standard for supplementation had not been met comprise a proper element of the administrative record for that decision, not the extra-record material Plaintiffs deride it as. And, as with the FEIS itself, the propriety of TxDOT's conclusion on the supplementation point is settled as a matter of law by the continued attainment of CAA standards for $PM_{2.5}$.

TxDOT renews its request that the case proceed on the administrative record as presently composed, without addition of any non-record evidence.

## II. ARGUMENT

**A.  Fifth Circuit Caselaw, Ignored by Plaintiffs, Bars Addition of Their Extra-Record Expert Report to the Administrative Record as Relevant to Count I.**

The Fifth Circuit adheres to the "record rule" in Administrative Procedure Act (APA) cases, which limits review to "the whole record or those parts of it cited by a party." 5 U.S.C. §§ 704, 706. The record rule defines the record as including matter considered in an agency decisionmaking process: "the order involved, any findings or reports on which that order is based, and 'the pleadings, evidence, and other parts of the proceedings before the agency.'" *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (*MCEAA*). This necessarily prohibits or restricts extra-record evidence from being considered, as the "focal point for judicial

---

[1] TxDOT also takes issue with Plaintiffs' recent public statements falsely accusing it of "trying to suppress" witness testimony by prosecuting this motion. *See* Ex. A (01/30/25 press release from Rethink35). Baseless and intemperate accusations such as those have no place in litigation in the Western District.

review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Budhathoki v. Nielsen*, 898 F.3d 504, 517 (5th Cir. 2018) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). Courts review "the record the agency presents," and that agency-designated record enjoys a presumption of regularity. *Fla. Power & Light Co. v. Lorion*, 470 U.S 729, 744 (1985). Accordingly, unless a plaintiff demonstrates that unusual circumstances justify departure from the general presumption that review is limited to the record already in existence as compiled by the agency, a court cannot consider other evidence. *MCEAA*, 602 F.3d at 706. Plaintiffs make no such demonstration, and no justifying circumstances exist here.

Plaintiffs, skirting the Fifth Circuit's clear stance on the record rule, mischaracterize the frequency with which and under what circumstances record supplementation may be allowed by cherry-picking outlier district-court decisions like *National Association for Gun Rights, Inc. v. Garland*, No. 4:23-cv-00830-O, 2024 WL 351704 (N.D. Tex. July 23, 2024). In so doing, Plaintiffs paint an inaccurate picture of reality.[2] A complete reading of *Gun Rights* reveals that in deciding whether

---

[2] Plaintiffs in a similarly oblique manner cite *City of Dallas v. Hall*, Nos. 3:07-CV-0060-P, 3:07-CV-0213-P, 2007 WL 3257188 (N.D. Tex. Oct. 29, 2007), for the proposition that the Fifth Circuit displays "'wide acceptance' of plaintiffs' use of extra-record evidence, such as expert witnesses and expert declarations, for challenging compliance with NEPA." Dkt. 62 at 13. But that is decidedly not the Fifth Circuit's language—it comes from a dusty, 1970s-era Second Circuit opinion and a 1993 law review article. *See Hall*, 2007 WL 3257188, at *6 (citing *County of Suffolk v. Sec'y of the Interior*, 592 F.2d 1368 (2d Cir. 1977), and French, *Judicial Review of the Admin. Record in NEPA Litigation*, 81 CAL. L. REV. 929 (1993)). In contrast, binding Fifth Circuit precedent demands "unusual circumstances justifying a departure from the general presumption." *MCEAA*, 602 F.2d at 706. And even *County of Suffolk*, in recognizing an exception to the record rule, requires certain conditions be met before extra-record evidence may be admitted, including a demonstration that evidence "tends to show either that the agency's research or analysis was clearly inadequate or that the agency improperly failed to set forth opposing views widely shared in the relevant scientific community." *County of Suffolk*, 592 F.2d at 1385. Likewise, *Hall* requires a plaintiff to overcome the standard presumption that the agency's record was properly designated. *Hall*, 2007 WL 3257188, at *4. Plaintiffs have done none of that.

supplementation is warranted, a court should consider several factors in addition to those cited by Plaintiffs, such as whether: the agency action is not adequately explained in the record, the agency failed to consider factors relevant to its final decision, or the agency considered evidence it failed to include in the record. *Id*. But none of those circumstances is present here. TxDOT's administrative record is comprehensive and includes materials responsive to multiple requests made by Plaintiffs. *See* Dkt. 58 at 2–3. Factually distinguishable from the circumstances here, the *Gun Rights* case cuts against Plaintiffs' position, as it embraces the general rule that the focal point for judicial review is the record on file, not some new record made in the court. 2024 WL 3517504, at *15; *accord, e.g.*, *Budhathoki*, 898 F.3d at 517. "Only in 'rare circumstances' is a court empowered 'to conduct a de novo inquiry into an agency's action.'" *Gun Rights*, 2024 WL 3517504, at *15.

Simply put, Plaintiffs fail to demonstrate any unusual circumstance justifying a departure from the presumption of regularity to which this agency-designated record is entitled. *See Fla. Power & Light*, 470 U.S at 744. This includes Plaintiffs' complaint that TxDOT did not prepare an SEIS in response to the Environmental Protection Agency's (EPA) new rule governing $PM_{2.5}$. *See* Dkt. No. 32. Although EPA issued a new, final rule on $PM_{2.5}$, the new rule alone does not constitute substantial new circumstances or information about possible adverse effects on air quality to prompt a SEIS for the Project. *See* C-AR285, p. AR57024; *see also* 40 C.F.R. § 1502.9(d)(1). An agency's decision not to supplement an SEIS should stand unless it was arbitrary or capricious, and a reviewing court must review the record and satisfy itself that an agency made a reasoned decision based on its evaluation of the

significance, or lack thereof, of new information or circumstances. *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360, 361 (1988).

Travis County—where the entirety of the Project will be built—remains in attainment for the National Ambient Air Quality Standards (NAAQS)[3], meaning no significant new circumstance exists to warrant preparation of an SEIS. *See* 40 C.F.R. § 1502.9(d)(1) (requiring SEIS preparation when, among other instances not applicable here, substantial new circumstances or information that may have a bearing on the analysis exist). Given that there are no significant new circumstances or information, and because EPA has not yet completed attainment designations in response to the new $PM_{2.5}$ rule[4], the evaluation criteria used in the FEIS/ROD remain the same, *see* C-AR285 at AR57026. Given the status quo, the Court hardly needs an extra-record report to aid in its decisionmaking process as there is no "technical or complex issue" needing resolution as Plaintiffs suggest. Dkt. 62 at 13. And without a new nonattainment designation for Travis County, the SEIS that Plaintiffs seek is not only unreasonable and impractical, but also premature.[5]

---

[3] Travis County—at all stages of development of the DEIS and FEIS—was and remains in attainment for the $PM_{2.5}$ NAAQS. *See* C-AR285, pp. AR57027–28; *see also EPA Greenbook, PM2.5 (2012) Designated Area/State Information*, https://www3.epa.gov/airquality/greenbook/kbtc.html (last accessed Jan. 30, 2025).

[4] EPA has not yet designated new nonattainment areas under the lower standard and, pending new air quality data, designations are not expected to occur until February 2026, with compliance not required until February 2027, at the earliest. *See* C-AR285, pp. 57029–30. And in any event, TxDOT factored into its environmental review the potential lowering of the PM2.5 NAAQS, including the implementation timeframe. *See* C-AR285 p. 57026.

[5] Even if Travis County's attainment status were to change, it is not a foregone conclusion that a supplemental environmental impact statement is required. *See Citizens for Clean Air & Water in Brazoria Cnty. v. U.S. Dep't of Transp.*, 98 F.4th 178, 194 (5th Cir. 2024) (holding change in air quality attainment status did not constitute significant new information requiring supplementation of the FEIS).

B.  **Because TxDOT Has Acted, Review of Count II Is Also Limited to the Agency's Administrative Record, and Plaintiffs Likewise Cannot Justify the Report's Inclusion.**

Ignoring that TxDOT has made a decision on the need for issuance of an SEIS in light of the EPA's publication of the new $PM_{2.5}$ NAAQS standards, Plaintiffs maintain that "extra-record evidence may be considered" as to their Count II claim, which alleges action unlawfully withheld under 5 U.S.C. § 706(1). Dkt. 62 at 14. Regardless of the APA subsection Plaintiffs invoked in their complaint, they err in blinding themselves to the reality that TxDOT has now already taken action—the very final action Plaintiffs claimed was withheld. *See* C-AR285 p. 57029 (documenting TxDOT's findings and determination that the new EPA rule, by itself, did not constitute significant new circumstances warranting supplementation of the FEIS). That fact either moots Plaintiffs' claim or requires that it proceed under the same standards as Count I. Either way, Plaintiffs have no basis to seek inclusion of extra-record evidence.

Plaintiffs misunderstand the relevance to this matter of the *Native Songbird* and *Friends of the Clearwater* decisions. Irrespective of whether "action unlawfully withheld" claims arising under § 706(1) allow courts greater latitude to create a de novo record *in the abstract*, these cases demonstrate that such latitude evaporates when, as here, the agency takes the purportedly withheld action during the litigation. In such an instance, where "the agency has prepared a written determination that a court can review, the distinction between the two subsections [§ 706(1) and (2)] makes little difference," if any, because "[i]n either case, the standard is the same." *Native Songbird Care & Conservation v. LaHood*, No. 13-CV-02265-JST, 2013 WL 3355657,

at *6 (N.D. Cal. July 2, 2013). Meanwhile, *Friends of the Clearwater* instructs that "documents prepared since the inception of [the] litigation" properly—and exclusively—comprise the administrative record on which judicial review of the agency's no-longer-withheld action proceeds, regardless of the APA subsection on which the claim was originally based. *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 561 (9th Cir. 2000). While Plaintiffs' Count II, as originally filed, "was not a challenge to final agency action," it subsequently *became* such a challenge, because TxDOT has since taken the final agency action—deciding that an SEIS is not warranted by virtue of EPA's issuance of the new $PM_{2.5}$ NAAQS rule—that Plaintiffs demanded. *Id.* at 560. The materials supplied by TxDOT documenting that decision *are* the administrative record for that agency action, not "extra-record evidence" as Plaintiffs suggest, and so they do "demarcate the limits of the record" for Count II. *Id.*

Because "the standard is the same" for Plaintiff's Count II claim, given TxDOT's intervening action, as it is for their Count I claim, *Native Songbird*, 2013 WL 3355657, at *6, the standard for including extra-record materials not considered by the agency is the same as well: the "focal point for judicial review" is "the administrative record already in existence, not some new record made initially in" this Court, *Budhathoki*, 898 F.3d at 517, and only unusual circumstances can justify departure from the general restriction against consideration of evidence outside that record, *MCEAA*, 602 F.3d at 706. Plaintiffs, arguing only that § 706(1) claims justify willy-nilly admission of any materials they please, do not even attempt to show that such circumstances exist with respect to Count II.

Regardless, because Travis County, which encompasses the Project area, currently remains in attainment for PM$_{2.5}$ *notwithstanding the issuance of the new rule*, TxDOT again validly relied on that ongoing CAA compliance as a basis for concluding that circumstances had not changed to a material extent, as would require supplementation of the Project FEIS. That is precisely why TxDOT's determination that no supplemental EIS is currently required flagged the possibility of future non-attainment status as a condition that *could* require supplementation of the FEIS. *See* C-AR285 p. 57029. Meanwhile, however, Travis County's continued PM$_{2.5}$ attainment status essentially settles the present issue as a matter of law. *See Sierra Club v. FHWA*, 715 F.Supp.2d 721 (S.D. Tex. May 19, 2010).[6] While the Court need not decide that merits issue here, the effective simplification of the SEIS question to that single, matter-of-law question demonstrates that there is no plausible need for the Court to allow the purported expert report into the record. *See MCEAA*, 602 F.3d at 706.

### III. CONCLUSION

This case should move forward with review of both of Plaintiffs' claims based on the administrative record, as already supplemented and currently composed. For these reasons, the Court should order the case to proceed on the administrative record as presently constituted, strike Plaintiffs' expert designation, and make clear that further expansions of the record will not be permitted.

---

[6] As TxDOT's record documents, the legal process between EPA and TCEQ regarding designation of non-attainment areas under the new PM NAAQSs is ongoing. *See* C-AR285 p. 57029. Most recently, TCEQ recommended four Texas counties to be so designated; Travis County is not among them. *See* Tex. Comm'n on Envtl. Quality, Interoffice Memorandum, Dkt. No. 2024-1660-MIS, *Comm'n Approval for the 2024 Primary Annual Fine Particulate Matter (PM2.5) Nat'l Ambient Air Quality Standard (NAAQS) State Designations* (Nov. 26, 2024), at https://www.tceq.texas.gov/downloads/air-quality/sip/pm/designations/2024025oth_2024pm_statedesig_backup.pdf.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

NANETTE M. DINUNZIO
Chief, Transportation Division

 /s/ Lisa McClain Mitchell
LISA MCCLAIN MITCHELL
Texas Bar No. 90001724
MATT GAMBOA-LUTZ
Texas Bar No. 24136835
Admitted Pro Hac Vice
AIDAN READ
Texas Bar No. 24138747
Admitted Pro Hac Vice
Assistant Attorneys General
Transportation Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-1431
Facsimile: (512) 936-0888
Email: lisa.mitchell@oag.texas.gov
Email: matt.gamboa-lutz@oag.texas.gov
Email: aidan.read@oag.texas.gov

RYAN P. BATES
Texas Bar No. 24055152
Bates PLLC
919 Congress Avenue, Suite 1305
Austin, Texas 78701
Telephone: (512) 694-5268
Email: rbates@batespllc.com

ATTORNEYS FOR DEFENDANT,
TEXAS DEPARTMENT OF
TRANSPORTATION

CERTIFICATE OF SERVICE

    I certify that on January 31, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically notify via email all counsel of record.

    /s/ Lisa McClain Mitchell
LISA MCCLAIN MITCHELL
Assistant Attorney General