# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **RETHINK35, ET AL.,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **No. 1:24-CV-00092-ADA** |
| | § | |
| **TEXAS DEPARTMENT OF** | § | |
| **TRANSPORTATION (TXDOT),** | § | |
| *Defendant* | § | |

## ORDER

Before the Court is Defendant Texas Department of Transportation's ("TxDOT") motion to proceed on the administrative record, Dkt. 58. The District Judge referred the motion to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.[1] After considering the motion, all related briefing, and the relevant law, the undersigned denies the motion.

## I.    BACKGROUND

This case concerns whether TxDOT complied with federal law in its approval of the I-35 Capital Express Central Project ("the project"), which would expand an approximately eight-mile stretch of I-35 through downtown Austin. *See* Dkt. 32. In their first claim, Plaintiffs allege that TxDOT acted arbitrarily, capriciously, or otherwise not in accordance with the law in violation of § 706(2) of the Administrative

---

[1] This case was reassigned to District Judge Alan D. Albright on February 3, 2025.

Procedure Act ("APA") and the National Environmental Policy Act ("NEPA") when it, among other things, "fail[ed] to analyze the I-35 Project's impact on [particulate matter 2.5][2] emissions and resultant air quality impacts." Dkts. 62, at 6; 32, at 35; 5 U.S.C. § 706(2); 42 U.S.C. § 4321, et seq. TxDOT additionally declined[3] to prepare a supplemental environmental impact statement ("EIS") in light of new national ambient air quality standards ("NAAQS") for particulate matter 2.5 ("$PM_{2.5}$"). Dkt. 32, at 35; 62, at 5. In their second claim, Plaintiffs allege that TxDOT's refusal to prepare a supplemental EIS constitutes action unlawfully withheld or unreasonably delayed in violation of § 706(1) of the APA and 40 C.F.R. § 1502.9(d). Dkt. 32, at 35; 5 U.S.C. § 706(1).

The narrow question presented in this motion is whether Plaintiffs should be permitted to add to the record before this Court a new expert report addressing TxDOT's alleged supplemental EIS obligations in light of the new NAAQS for $PM_{2.5}$.[4] *See* Dkt. 62, at 5. Plaintiffs assert that the report may be used to support their claims. *Id.* TxDOT argues that this case should instead proceed on the administrative record

---

[2] Particulate matter 2.5 ("$PM_{2.5}$") are "fine inhalable particles with an aerodynamic diameter less than 2.5 micrometers." Dkt. 62, at 4-5.

[3] TxDOT points out that in response to the new NAAQS for $PM_{2.5}$, it reevaluated its EIS and "determined that the new rule, on its own, did not rise to the level of significance required to trigger" its supplemental EIS obligation. Dkt. 58, at 6; *see* R. at C-AR285, p. AR57031.

[4] TxDOT's motion asks that this case proceed on the administrative record, foreclosing any further opportunities for Plaintiffs to advocate for the consideration of extra-record evidence. *See* Dkt. 58, at 7. Plaintiffs ask that this ruling be cabined to the expert report. Dkt. 62, at 4 n.1. The Court agrees with Plaintiffs that it is improper to limit consideration of any additional extra-record materials before such time as they are presented to this Court. Accordingly, the Court's ruling here applies only to the addition of the expert report.

as it currently exists and that the expert report may not be admitted to support Plaintiffs' claims. *Id.* at 4-7; Dkt. 63, at 2.

## II.    DISCUSSION

In reviewing agency action or inaction under the APA, courts are required to review "the whole record or those parts of it cited by a party." 5 U.S.C. § 706; *Cross Timbers Concerned Citizens v. Saginaw*, 991 F. Supp. 563, 570 (N.D. Tex. 1997) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). Under the "record rule," courts must limit their review to the administrative record before the agency at the time the decision was made. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971); *see Gulf Coast Rod Reel & Gun Club, Inc. v. U.S. Army Corps of Eng'rs*, No. 3:13-cv-126, 2015 WL 1883522, at *1 (S.D. Tex. Apr. 20, 2015) (referring to rule from *Overton Park* as the "record rule"). Typically, then, "'the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Budhathoki v. Nielsen*, 898 F.3d 504, 517 (5th Cir. 2018) (quoting *Camp*, 411 U.S. at 142). To add extra-record evidence, the moving party must demonstrate "unusual circumstances justifying departure" from the record rule. *Medina Cnty. Env. Action Ass'n v. Surface Transp. Bd.*, 62 F.3d 687, 706 (5th Cir. 2010) (internal quotation marks omitted).

Courts may consider extra-record evidence when certain exceptions apply. The Fifth Circuit has countenanced two different lists of those exceptions. Plaintiffs invoke the list from *Davis Mountains Trans-Pecos Heritage Association*, approved in an unpublished opinion on appeal, which allows for the consideration of extra-record

evidence: (1) "when agency action is not adequately explained in the record before the court"; (2) "when the agency failed to consider factors which are relevant to its final decision"; (3) "when an agency considered evidence which it failed to include in the record"; (4) "when a case is so complex that a court needs more evidence to enable it to understand the issues clearly"; (5) "in cases where evidence arising after the agency action shows whether the decision was correct or not"; (6) "in cases where agencies are sued for failure to take action"; (7) "in cases arising under NEPA"; and (8) "in cases where relief is at issue, especially at the preliminary injunction stage." *Davis Mountains Trans-Pecos Heritage Ass'n v. U.S. Air Force*, 249 F. Supp. 2d 763, 776 (N.D. Tex. 2003), *vacated on other grounds sub nom. Davis Mountains Trans-Pecos Heritage Ass'n v. Fed. Aviation Admin.*, 116 Fed. App'x 3, 16 (5th Cir. 2004) (reversing on other grounds but confirming that "the district court correctly stated the law regarding extra-record evidence in NEPA cases").

The second list comes from *Medina County Environmental Action Association v. Surface Transportation Board*, which provides that supplementation[5] of the record is permissible when: (1) "the agency deliberately or negligently excluded documents

---

[5] Some courts distinguish between "supplementation" and "extra-record evidence" for the purposes of this analysis. In those cases, courts define supplementation as "'essentially a claim that some information that should have properly been included in the administrative record was not.'" *Gulf Coast*, 2015 WL 1883522, at *1 (quoting *Cape Hatteras Access Pres. All. v. U.S. Dep't of Interior*, 667 F. Supp. 2d 111, 113-14 (D.D.C. 2009)). Extra-record evidence is evidence "'outside of or in addition to the administrative record that was not necessarily considered before the agency.'" *Id.* (quoting *Calloway v. Harvey*, 590 F. Supp. 2d 29, 38 (D.D.C. 2008)). Because the court in *Medina* used the term "supplementation" when referring to extra-record evidence, the undersigned finds that the *Medina* test may apply when parties ask courts to consider extra-record evidence. *Id.* at *3 (rejecting plaintiffs' attempt to distinguish *Medina* as applying only to supplementation, not extra-record evidence).

that may have been adverse to its decision"; (2) "the district court needed to supplement the record with 'background information' in order to determine whether the agency considered all of the relevant factors"; or (3) "the agency failed to explain administrative action so as to frustrate judicial review." *Medina*, 602 F.3d at 706.

Plaintiffs here invoke the NEPA exception from *Davis Mountains*, arguing that courts in this Circuit widely accept plaintiffs' use of extra-record evidence in NEPA cases. Dkt. 62, at 14. While it is true that deviation from the record rule "occurs with more frequency" in NEPA cases, *see Sierra Club v. Peterson*, 185 F.3d 349, 369-70 (5th Cir. 1999), *rev'd on other grounds on reh'g en banc*, 228 F.3d 559 (5th Cir. 2000), there is no *per se* NEPA exception. *See Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 247-48 (5th Cir. 2006) (affirming the district court's refusal to allow extra-record evidence in a NEPA case); *Indigenous Peoples of Coastal Bend v. U.S. Army Corps of Eng'rs*, No. 2:21-cv-00161, 2023 WL 6226387, at *14, *15 (S.D. Tex. July 27, 2023) (noting that there is no *per se* exception to the NEPA rule and that plaintiffs had not carried their burden of demonstrating that "unusual circumstances" warranted departure from the record rule in a NEPA case).

Courts in the Fifth Circuit have found that the *Medina* test encompasses the *Davis Mountains* one, emphasizing that there is not often a "significant practical distinction" between the exceptions in each list. *See Gulf Coast*, 2015 WL 1883522, at *3-4; *Nat'l Ass'n for Gun Rights, Inc. v. Garland*, 741 F. Supp. 3d 568, 599 n.95 (N.D. Tex. 2024) (finding that the eight *Davis Mountains* exceptions fall within the three *Medina* exceptions). Here, too, the undersigned finds that there is little practical

5

distinction between the lists as applied to Plaintiffs' arguments for the inclusion of extra-record evidence in this case. As NEPA "imposes a duty on federal agencies to compile a comprehensive analysis of the potential environmental impacts of a proposed action"—review of which "often requires a court to look at evidence outside the administrative record"—the NEPA exception from *Davis Mountains* falls within the broad exception from *Medina* permitting extra-record evidence where "the district court need[s] to supplement the record with 'background information' in order to determine whether the agency considered all of the relevant factors." *Medina*, 602 F.3d at 706; *Peterson*, 185 F.3d at 369-70 (quoting *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14-15 (2d Cir. 1997)); *see also Davis Mountains*, 116 F. App'x at 12 ("This court has recognized an exception to the [record] rule … where examination of extra-record materials is necessary to determine whether an agency has adequately considered environmental impacts under NEPA."). The NEPA exception, then, is subsumed under *Medina*. 602 F.3d at 706.

In this case, TxDOT makes no attempt to apply the *Davis Mountains* or *Medina* exceptions. Rather, it emphasizes the extensive administrative record currently before the Court and insists that Plaintiffs have not met their burden to demonstrate that a departure from the record rule is permissible here. *See* Dkts. 58, at 4-7; 63, at 3-6. For their part, Plaintiffs argue that the expert report should be permitted as extra-record evidence related to their claim that TxDOT violated § 706(2)[6] of the APA and NEPA. 5 U.S.C. § 706(2); 42 U.S.C. § 4321, et seq. Citing

---

[6] As for its § 706(1) claims, Plaintiffs contend that because they do not challenge final agency action, review is not limited to the administrative record. Dkt. 62, at 15. Citing cases from a

*Davis Mountains*, Plaintiffs point out that courts in the Fifth Circuit "routinely allow" extra-record evidence where its examination is "necessary to determine whether an agency has adequately considered environmental impacts under NEPA." Dkt. 62, at 14; *Davis Mountains*, 116 F. App'x at 12.

Plaintiffs' expert report may be used to provide background information in order to determine whether the agency considered all of the relevant factors. *Medina*, 602 F.3d at 706. TxDOT stands on its EIS as written primarily because TxDOT determined that the new rule regarding $PM_{2.5}$ "does not constitute substantial new circumstances or information about possible adverse effects on air quality." Dkt. 63, at 5; *see* R. at C-AR285, p. AR57031. Plaintiffs urge that this decision was deficient, contending that the expert report will demonstrate that TxDOT failed to consider relevant factors in its EIS as well as its decision not to supplement the EIS. Dkt. 62, at 15. In particular, Plaintiffs argue that the report will illustrate that TxDOT failed to consider scientific findings—predating circulation of TxDOT's EIS—and current

California district court and the Ninth Circuit, TxDOT responds that Plaintiffs' claim "became" a challenge to a final agency action when TxDOT issued a memo explaining its decision not to supplement. *Id.* at 8; *see Native Songbird Care & Conservation v. LaHood*, No. 13-cv-02265-JST, 2013 WL 3355657, at *5 (N.D. Cal. July 2, 2013) (holding that final agency actions generally occur "when an agency has made some final written reviewable determination, presumably after utilizing its pertinent expertise"); *Friends of the Clearwater v. Dombek*, 222 F.3d 552, 561 (9th Cir. 2000) (holding that supplemental evidence submitted by the agency in that action was properly before the court). Neither party cites any Fifth Circuit case supporting these arguments, nor do they explain why extra-record evidence supporting claims brought under § 706(1) should not be subject to *Medina* and its exceptions. *See* Dkts. 62; 63. Because the record rule applies regardless of whether a court is reviewing agency action or inaction, the undersigned addresses whether the expert report may be used wholesale, not whether it may be used with respect to certain claims. 5 U.S.C. § 706 (stating that in making determinations under §§ 706(1) and (2), "the court shall review the whole record or those parts of it cited by a party"); *Cross Timbers*, 991 F. Supp. at 570 (citing *Camp*, 411 U.S. at 142).

pollution conditions demonstrating the need to consider PM$_{2.5}$ impacts. Dkt. 62, at 10-11. They also posit that the report will demonstrate TxDOT's noncompliance with industry practices in modeling PM$_{2.5}$ and addressing public comments. *Id.* at 11-12. In response, TxDOT points to no record evidence suggesting that it was not required to consider these factors. *See* Dkt. 63.

While the Court makes no determination at this time on the sufficiency of TxDOT's current EIS or the need to supplement it, the record fails to answer the question of whether TxDOT considered all the factors relevant to the EIS and its decision not to supplement. *Medina*, 602 F.3d at 706. Additionally, because this case arises under NEPA, extra-record evidence will assist the court in understanding the technical subject matter at issue. *See Gulf Coast*, 2015 WL 1883522, at *4; *Davis Mountains*, 116 F. App'x at 12.

### III.    CONCLUSION

For these reasons, the Court **DENIES** TxDOT's motion to proceed on the administrative record, Dkt. 58.

In accordance with the parties' agreement, Dkt. 65, the undersigned further **ORDERS** that briefing in this case shall proceed according to this schedule:

- Plaintiffs shall file any motion for summary judgment on or before 28 days from this ruling;

- TxDOT shall file its combined response to any motion for summary judgment and any cross-motion for summary judgment 28 days after Plaintiffs' filing of their motion for summary judgment, if any;

- Plaintiffs shall file their combined reply in support of their motion for summary judgment and response to TxDOT's cross-motion for summary judgment, if any, 21 days after the filing of TxDOT's combined response/cross-motion; and

- TxDOT shall file its reply in support of its cross-motion for summary judgment, if any, 21 days after the filing of Plaintiffs' combined reply/response.

SIGNED March 6, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE