IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RETHINK35, et al., § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| v. § | CIVIL ACTION NO. 1:24-CV-00092 |
| § | |
| TEXAS DEPARTMENT OF § | |
| TRANSPORTATION (TxDOT), et al. § | |
| § | |
| *Defendant.* § | |

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' RESPONSE TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Robert J. Levinski (Texas Bar No. 24097993)
Victoria Rose (Texas Bar No. 24131088)
William G. Bunch (Texas Bar No. 0334520)
SAVE OUR SPRINGS ALLIANCE
4701 Westgate Boulevard, Suite D-401
Austin, Texas 78745
Telephone: (512) 477-2320
bobby@sosalliance.org
victoria@sosalliance.org
bill@sosalliance.org

*Attorneys for Plaintiffs*

Rachel S. Doughty (Cal. Bar No. 255904)
*Admitted Pro Hac Vice*
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, California 94703
Telephone: (510) 900-9502
rdoughty@greenfirelaw.com

*Attorneys for Plaintiffs*

Pursuant to Federal Rule of Evidence 201, Plaintiffs hereby requests the Court take judicial notice of the document listed below and authenticated in the declaration of Jennifer Rae Lovko filed concurrently with Plaintiffs' Reply in Support of Plaintiffs' Motion for Summary Judgment and Plaintiffs' Response to Defendant's Cross-Motion for Summary Judgment. The Court may take judicial notice of this document because it is relevant in addressing TxDOT's argument that the CAA designation for Travis County is "unlikely to change despite the PM2.5 NAAQS revision." *See* ECF 75, p. 31.

This Court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Documents which may be considered for judicial notice pursuant to Rule 201 include "public records and government documents available from reliable sources." *See Johnson v. Comm'n on Presidential Debates*, 202 F. Supp. 3d 159, 167 (D.D.C. 2016).

Rule 201 states the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201 (c)(2).

**DOCUMENT: TCEQ Interoffice Mem., Dkt. No. 2024-1660-MIS, Comm'n Approval for the 2024 Primary Annual Fine Particulate Matter (PM2.5) Nat'l Ambient Air Quality Standard (NAAQS) State Designations at A-1 (Nov. 26, 2024)**

This document is a public document promulgated by the Texas Commission on Environmental Quality and downloaded from their website (https://www.tceq.texas.gov/downloads/air-quality/sip/pm/designations/2024025oth_2024pm_statedesig_backup.pdf). Defendant TxDOT also cites to this document in its Combined Response to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment for the proposition that that the

2

3

CAA designation for Travis County is "unlikely to change despite the PM2.5 NAAQS revision." *See* ECF 75, 31 n. 5. As such, the facts set forth within this document are not subject to reasonable dispute and their accuracy cannot reasonably be questioned. Judicial notice is therefore proper.

Dated: June 16, 2025                                     Respectfully Submitted,


                                                         */s/ Rachel S. Doughty*

                                                         Rachel S. Doughty
                                                         GREENFIRE LAW, PC
                                                         *Attorneys for Plaintiffs*

3