IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RETHINK35, et al., § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| v. § | CIVIL ACTION NO. 1:24-CV-00092 |
| § | |
| TEXAS DEPARTMENT OF § | |
| TRANSPORTATION (TxDOT), et al. § | |
| § | |
| *Defendant.* § | |

**DECLARATION OF JENNIFER RAE LOVKO IN SUPPORT OF PLAINTIFFS'
REPLY MOTION FOR SUMMARY JUDGMENT**

Robert J. Levinski (Texas Bar No. 24097993)
Victoria Rose (Texas Bar No. 24131088)
William G. Bunch (Texas Bar No. 0334520)
SAVE OUR SPRINGS ALLIANCE
4701 Westgate Boulevard, Suite D-401
Austin, Texas 78745
Telephone: (512) 477-2320
bobby@sosalliance.org
victoria@sosalliance.org
bill@sosalliance.org

*Attorneys for Plaintiffs*

Rachel S. Doughty (Cal. Bar No. 255904)
*Admitted Pro Hac Vice*
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, California 94703
Telephone: (510) 900-9502
rdoughty@greenfirelaw.com

*Attorneys for Plaintiffs*

I, JENNIFER RAE LOVKO, do declare and state:

1.  If sworn as a witness, I could and would testify to my personal knowledge of the facts set forth in this declaration.

2.  I am an attorney with Greenfire Law PC, counsel of record for Plaintiffs in this case.

3.  In Defendant's Combined Response to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment, TxDOT submit an expert declaration from Tim Wood. Dkt. 75-1. TxDOT has never designated or disclosed Tim Wood as an expert in this litigation either through a Rule 26 Disclosure or otherwise.

4.  In Defendant's Combined Response to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment, Defendants argue that vacatur of TxDOT's decision should not be granted because, in part, Plaintiffs' have "sat idly by for more than a year [since filing their complaint] while TxDOT let contracts to build the Project, contractors mobilized, affected properties were condemned, and construction began, refusing ever to shoulder the burden required to obtain [an order for injunctive relief." Dkt. 75, pp. 12, 42-43. As addressed below, the procedural history of this case demonstrates that Plaintiffs have not sat idly by.

    a.  The Plaintiffs involvement in the planning process for I-35 improvements has consisted of more than simply filing the instant lawsuit. For example, in addition to submitting comments to TxDOT during its NEPA review, both during scoping and after issuance of the Draft Environmental Impact Statement for the I-35 Project, Plaintiff Downtown Austin Neighborhood Association and Plaintiff People Organized in Defense of Earth and Her Resources became members of the I-35 Downtown Stakeholder Working Group in 2013.

2

AR00050, AR00054, AR00065. This working group was formed as part of TxDOT's Mobility35 program. AR00054.

      b.      Plaintiffs' complaint was timely filed on January 26, 2024, with Defendants filing their answer on April 22, 2024.[1] Dkt. 1; Dkt. 23.

      c.      On April 26, 2024, I contacted counsel for TxDOT by e-mail to inquire about the status of the agency's preparation of the administrative record for the I-35 Project. On April 30, 2024, counsel for TxDOT responded that they hoped to have the administrative record prepared in May of 2024. Attached hereto as **Exhibit 1** is a true and correct copy of the April 26, 2024 and April 30, 2024 e-mail exchange.

      d.      TxDOT did not issue the administrative record in May as it discussed in its April 30, 2024 e-mail. Instead, the administrative record was issued on June 11, 2024 (more than four months after Plaintiffs' original complaint had been filed). Dkt. 28; Dkt. 28-1; Dkt. 28-2.

      e.      On June 28, 2024, I e-mailed counsel for TxDOT to ask that the administrative record be completed with a number of documents. Attached hereto as **Exhibit 2** is a true and correct copy of this e-mail with its attachment.

---

[1] In August of 2024, Plaintiffs filed a First Amended Complaint, which TxDOT agreed not to oppose. Dkt. 30; Dkt. 32. The First Amended Complaint reflected dismissal of Defendants USDOT, Pete Buttigieg in his official capacity, FHWA, and Shailen Bhatt in his official capacity, as well as dismissal of the Plaintiffs' claim that Defendants violated the Land and Water Conservation Fund Act. The First Amended Complaint added a claim that TxDOT violated NEPA and Section 706(1) of the APA because the agency refused to prepare a supplemental EIS in light of the new primary annual NAAQS for PM2.5. The new NAAQS was approved after the original complaint had been filed. Defendant TxDOT filed an amended answer to the First Amended Complaint in August of 2024.

    f.  On July 10, 2024, I sent another e-mail asking TxDOT's counsel to respond to my June 28, 2024 e-mail. Attached hereto as **Exhibit 3** is a true and correct copy of this e-mail.

    g.  On July 12, 2024, TxDOT's counsel responded by e-mail, refusing to add some of the requested records and agreeing to add some of the requested records. I was told "TxDOT anticipates it will take approximately one month to gather these documents and prepare a supplement to be filed with the court." Attached hereto as **Exhibit 4** is a true and correct copy of this e-mail.

    h.  Because the parties could not agree in full as regards the administrative record, I informed counsel for TxDOT that Plaintiffs likely would need to file a motion seeking completion of the administrative record.

    i.  On August 16, 2024, TxDOT's counsel sent an e-mail to provide an update on completing the administrative record, stating that TxDOT expected to file a supplemental administrative record by the end of the month. Attached hereto as **Exhibit 5** is a true and correct copy of this e-mail.

    j.  On August 20, 2024, the parties filed a joint proposed scheduling order. Dkt. 33. In this document, Defendant clarified that it expected to file a supplement to the administrative record by September 1, 2024. *Id.* at ¶ 10. Plaintiffs would file a motion to further supplement TxDOT's administrative record within three weeks thereafter. *Id.* at ¶ 11.

    k.  On September 3, 2024, I e-mailed TxDOT's counsel to further meet and confer regarding the administrative record. In this e-mail, I identified some documents not previously addressed in our communications. Attached hereto as **Exhibit 6** is a true and correct copy of this e-mail.

4

    l.  On that same date (September 3, 2024), I and TxDOT's counsel met and conferred by telephone. During this conversation, I informed counsel that Plaintiffs would be retaining an expert to address Plaintiffs' air quality claims. After the conversation, I told TxDOT's counsel that Plaintiffs would hold off on filing any motion to augment the record until after the upcoming pretrial conference in order to allow TxDOT more time to review the documents that Plaintiffs sought to include in the administrative record. Attached hereto as **Exhibit 7** is a true and correct copy of the e-mail I sent to TxDOT in this regard.

    m.  On September 4, 2024 (more than 8 months after Plaintiffs' original complaint had been filed), Defendant updated the administrative record for the I-35 Project by adding one document. Dkt. 38; Dkt. 38-1; Dkt. 38-2.

    n.  On September 9, 2024, I asked counsel for TxDOT when it would formally respond to my September 3, 2024 e-mail, which had identified additional documents that Plaintiff wish to include in the administrative record.

    o.  On September 11, 2024, counsel for TxDOT responded by e-mail to Plaintiffs' September 3, 2024 request, stating that it would not agree to supplement the administrative record with any additional records. Attached hereto as **Exhibit 8** is a true and correct copy of this e-mail.

    p.  On September 11, 2024, I informed TxDOT by e-mail that Plaintiffs tentatively agreed to file their motion regarding the administrative record by October 11, 2024; however, this was dependent on first confirming with Plaintiffs' expert that there were no additional documents he believed should be included in the record. Attached hereto as **Exhibit 9** is a true and correct copy of this e-mail.

q. On October 10, 2024, Plaintiffs filed a Motion to Complete and Supplement the Administrative Record and, in the Alternative, Request for Judicial Notice. Dkt. 43; Dkt. 43-1. This motion addressed 27 different documents.

r. On October 24, 2024, TxDOT filed a Motion for Leave to Extend Response Time to Plaintiff's Motion to Complete and Supplement the Administrative Record and, in the Alternative, Request for Judicial Notice. Dkt. 51. The Court granted this motion, ordering TxDOT to respond to Plaintiffs' motion on or before November 25, 2025.

s. On October 29, 2024, I again informed TxDOT that Plaintiffs intended to designate an expert in this case. At that time, TxDOT stated that it objected to any such designation.

t. On November 7, 2024, Plaintiffs served TxDOT with Plaintiffs' Rule 26 Disclosure. In this disclosure, Plaintiffs identified Krish Vijayaraghavan as a retained expert in the case and noting that Mr. Vijayaraghavan would be preparing a report. Attached hereto as **Exhibit 10** is a true and correct copy of Plaintiffs' Rule 26 Disclosure.

u. On November 12, 2024, I e-mailed TxDOT's counsel noting that TxDOT had indicated it objected to Plaintiffs' use of an expert. Accordingly, I asked if we could schedule a time to talk about either (a) doing another joint scheduling order that incorporates a motion addressing the use of an expert or (b) agreeing to ask the court for a case management meeting to address the issue. On November 13, 2024, TxDOT's counsel responded: "TxDOT objects to the use of expert testimony in this case, and thus TxDOT cannot join a scheduling order incorporating a motion addressing the use of an expert and will not ask the court for a case management meeting to raise this issue." Attached hereto as **Exhibit 11** is a true and correct copy of this e-mail exchange.

    v.  On November 22, 2024, TxDOT stated that it had reviewed Plaintiffs' October 24, 2024 motion, and in response, the agency decided to lodge a second supplement to the administrative record. Dkt. 52; Dkt. 52-1. By doing so, TxDOT supplemented the administrative record with all but 11 of the documents requested in Plaintiff's Motion to Complete and Supplement the Administrative Record and, in the Alternative, Request for Judicial Notice.

    w.  On that same date (November 22, 2024), TxDOT filed its response to Plaintiff's Motion to Complete and Supplement the Administrative Record and, in the Alternative, Request for Judicial Notice. Dkt. 54; Dkt. 54-1; Dkt. 54-2. Plaintiffs filed their reply motion on November 29, 2024. Dkt. 55.

    x.  On December 20, 2024, the Court issued an order granting Plaintiff's Motion to Complete and Supplement the Administrative Record and, in the Alternative, Request for Judicial Notice and directing TxDOT to add the remaining 11 documents on or before January 13, 2025. Dkt. 56.

    y.  On January 9, 2024, met and conferred by telephone. During that conversation, TxDOT's counsel again objected to Plaintiffs' reliance on an expert in this case and said TxDOT would be filing a motion to proceed on the administrative record, which motion would seek to preclude Plaintiffs from being able to use their designated expert. In response, I stated Plaintiffs' position was that such a motion should not delay filing of the parties' cross-motions for summary judgment, especially in light of the fact that TxDOT had been on notice of Plaintiffs designated expert for several months. Additionally, such delay was unreasonable in light of the fact that I had offered in November of 2024 to ask the Court for a case management meeting to address the issue, and TxDOT had refused to agree to such case management

7

meeting. Attached hereto as **Exhibit 12** is a true and correct copy of an e-mail I sent to TxDOT on January 9, 2024 which memorializes the meet and confer discussion. Defendant TxDOT would not agree to a briefing schedule that allowed summary judgment motions to proceed until its motion was addressed, however.

       z.      On January 10, 2024, TxDOT lodged its third supplement to the administrative record pursuant to the Court's December 20, 2024 order. Dkt. 59; Dkt. 59-1; Dkt. 59-2.

      aa.      On that same date (January 10, 2024), TxDOT also filed a Motion to Proceed on the Administrative Record. Dkt. 58. In this motion, TxDOT sought to strike Plaintiffs' designation of expert, Krish Vijayaraghavan, thereby precluding Plaintiffs' ability to submit Mr. Vijayaraghavan's report or testimony in the case.

      bb.      On January 24, 2024, Plaintiffs filed a response to TxDOT's Motion to Proceed on the Administrative Record. Dkt. 62; Dkt. 62-1; Dkt. 62-2; Dkt. 62-3; Dkt. 62-4; Dkt. 62-5; Dkt. 62-6. TxDOT filed its reply on January 30, 2024. Dkt. 63; Dkt. 63-1.

      cc.      On March 6, 2025, the Court issued an order denying TxDOT's Motion to Proceed on the Administrative Record. Dkt. 66. At that time, the Court also provided a briefing schedule to address the parties' motions for summary judgment.

5.     Attached herto as **Exhibit 13** is a true and correct copy of TCEQ Interoffice Mem., Dkt. No. 2024-1660-MIS, Comm'n Approval for the 2024 Primary Annual Fine Particulate Matter (PM2.5) Nat'l Ambient Air Quality Standard (NAAQS) State Designations at A-1 (Nov. 26, 2024), which was downloaded from the TCEQ website at https://www.tceq. texas. gov/downloads/air-quality/sip/pm/designations/2024025oth_2024pm_ statedesig_backup.pdf on June 15, 2025.

8

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of June, 2025 in El Coco, Guanacaste, Costa Rica.

_____
Jennifer Rae Lovko
GREENFIRE LAW, PC