# EXHIBIT 6
# to Declaration of Jennifer Rae Lovko



**Rae Lovko <rlovko@greenfirelaw.com>**

---

## Rethink35 et al. v. Texas Dep't of Transp., No. 1:24-CV-00092

**Rae Lovko** <rlovko@greenfirelaw.com>                                      Tue, Sep 3, 2024 at 10:52 AM
To: Lisa Mitchell <Lisa.Mitchell@oag.texas.gov>
Cc: Rachel Doughty <rdoughty@greenfirelaw.com>
Bcc: Rae Lovko <rlovko@greenfirelaw.com>

Hi Lisa,

I am finalizing Plaintiffs' Motion to Supplement the Administrative Record and Request for Judicial Notice. The documents that are the subject of this motion are those that we previously met and conferred on. I also have a additional documents that I will be asking the court to address, all of which are identified in Plaintiffs' First Amended Complaint. They include:

1. Austin, Tex. Amendment #2 to Amendment No. 2 to Final Project Plan and Reinvestment Zone Financing Plan, available at https://services.austintexas.gov/edims/document.cfm?id=298792.

2. U.S. EPA, EPA to Reexamine Health Standards for Harmful Soot that Previous Administration Left Unchanged (June 10, 2021)

3. U.S. EPA, EPA Proposes to Strengthen Air Quality Standards to Protect the Public from Harmful Effects of Soot (January 6, 2023)

4. U.S. EPA, Proposed Decision for the Reconsideration of the National Ambient Air Quality Standards for Particulate Matter (last updated February 3, 2023),

5. U.S. EPA, Supplement to the 2019 Integrated Science Assessment for Particulate Matter (May 2022)

6. U.S. Fish & Wildlife Services, Interactive Map (showing potential habitat for the Texas fatmucket), available at https://www.fws.gov/species/texas-fatmucket-lampsilis-bracteata/map.

7. Native freshwater mussel distribution in tributaries of the Colorado River downstream of Longhorn Dam near Austin, Texas, USA, Bianca J. Perez, City of Austin, TX 78704,
Ashley Seagroves Ruppel, U.S. Fish and Wildlife Service, Liz Johnston, City of Austin, Andrew Clamann, City of Austin, Aaron Richter, Lower Colorado River Authority, Mateo Scoggins, City of Austin.

8. Austin, Tex. Resolution Adopting the "A City Plan for Austin, Texas" ("1928 Plan") Reflected in the Minutes of the Austin City Council Meeting Occurring on March 22, 1928

9. Austin City Council Regular Meeting Minutes (Mar. 22, 1928)

10. Deborah Archer, "White Men's Roads Through Black Men's Homes": Advancing Racial Equity Through Highway Reconstruction, Vanderbilt L. Rev. (V. 73:5/Oct. 2020)

11. Federal Interagency Working Group on Environmental Justice & NEPA Committee, Community Guide to Environmental Justice and NEPA Methods (Mar. 2019),

12. Federal Interagency Working Group on Environmental Justice & NEPA Committee, Promising Practices for EJ Methodologies I NEPA Reviews (Mar. 2016),

13. US EPA, Final Guidance for Consideration of Environmental Justice in Clean Air Act 309 Reviews (Jul. 1999),

14. City of Austin Comments on I-35 Capital Express Central (Dec. 29, 2020),

15. Austin, Tex. Resolution 202310-045 (October 19, 2023)

16. City of Austin Environmental Commission, Austin and the EPA's PM2.5 NAAQS (June 7, 2023),

17. Travis County, Commissioners Court-Approved Letter to Texas Department of Transportation (Sept. 26, 2023),

18. Austin City Council Members Zo Qadri, Chito Vela and Ryan Alter, Joint Statement on I-35 Update (July 31, 2023),

19. 88 FR 5558 et seq (EPA's proposed change to PM NAAQS)

20.  89 FR 16202 et seq (EPA change to PM NAAQS)

This extra-record evidence should either be included in the administrative record, or the Court should grant judicial notice of them because extra-record evidence may be reviewed when agency action is not adequately explained in the record and/or when further information is necessary to determine whether an agency considered all relevant factors. See Medina Cnty. Envtl. Action Ass'n v. Surface Transp. Bd., 602 F.3d 687, 706 (5th Cir. 2010); Coliseum Square Ass'n v. Jackson, 465 F.3d 215, 247 (5th Cir. 2006); Davis Mts. Trans-Pecos Heritage Ass'n v. United States Air Force, 249 F. Supp. 2d 763, 776 (N.D. Tex. 2003). In NEPA cases, "courts routinely look outside the record" to determine whether the agency has ignored facts necessary to its consideration of environmental impacts and alternatives. See City of Dall. v. Hall, 2007 U.S. Dist. LEXIS 82080 at *18 (N.D. Tex. Oct. 29, 2007). Further, where a plaintiff's claim is based on a failure to supplement an EIS pursuant to Section 706(1) of the APA, "review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record." See Friends of the Clearwater v. Dombeck, 222 F.3d 552, 560 (9th Cir. 2000); see also S.F. Baykeeper v. Whitman, 297 F.3d 877, 886 (9th Cir. 2002); Bundorf v. Jewell, 142 F. Supp. 3d 1138, 1144 (D. Nev. 2015).

Please let me know if you are amenable to any of these being included in the administrative record. I will be filing the motion on Wednesday, so I would appreciate a quick response if at all possible.

Finally, as regards Appendix T to the final environmental impact statement, I am unable to "click" on the figures with embedded images. That is, I cannot access any of the images. When you update the administrative record, can you replace this document with one that has working links or images?  Much thanks!

Please feel free to call if you have any questions or concerns,

Rae
[Quoted text hidden]